**SERVICE MERCHANDISE COMPANY, INC., Appellant,**

**v.**

**Donald W. JACKSON, Commissioner of Revenue, State of Tennessee, Appellee.**

Supreme Court of Tennessee, at Nashville.

Aug. 17, 1987.

Charles A. Trost, William H. Neely, Waller, Lansden, Dortch & Davis, Nashville, for appellant.

W.J. Michael Cody, Atty. Gen. & Reporter, Joe C. Peel, Asst. Atty. Gen., Nashville, for appellee.

## OPINION

COOPER, Justice.

Service Merchandise Company, Inc. filed this action seeking a refund of $149,329.29 in use taxes assessed against it for the period December 21, 1983, through December 31, 1984, which were paid under protest. Plaintiff also seeks the refund of the $37,337.33 penalty payment as well as interest in the amount of $19,910.07. The chancellor dismissed plaintiff's action. After review of the entire record, we affirm the decision of the chancellor.

T.C.A. § 67–6–211 provides that a tax is to be levied on "the use, the consumption, the distribution, and the storage to be used or consumed in this state of tangible personal property after it has come to rest in this state and has become a part of the mass of property in this state." "Use" is defined in T.C.A. § 67–6–102 (18) as:

the exercise of any right or power over tangible personal property incident to the ownership thereof....

"Storage" is defined in T.C.A. § 67–6–102 (16) as:

any keeping or retention in this state of tangible personal property for use or consumption in this state, or for any purpose other than sale at retail in the regular course of business.

Plaintiff, a Tennessee corporation, has retail outlets in at least thirty-five states. In November of 1983, plaintiff executed a contract in Delaware for the purchase of an aircraft for its corporate business travel. An amendment to the contract was signed in Tennessee later in the month. The aircraft was delivered to plaintiff's representative in New Hampshire on December 9, 1983; that same day the aircraft was flown by the dealer's pilot to Wilmington, Delaware, where it was completely outfitted. On December 21, 1983, plaintiff's pilot received training in local flights around Wilmington and then flew the aircraft to Nashville, Tennessee. The only passenger on this flight was the son of plaintiff's president.

During the tax period in question, the aircraft was hangared in Nashville, which is where most of the routine maintenance work is performed. The Service Merchandise departments responsible for directing the operation of the aircraft are located in Nashville, and the pilots employed to fly the plane are also based there. Flights generally begin or end in Nashville, Tennessee; however only 1.2 percent of the flights made by plaintiff's aircraft in the tax period were completely intrastate.

Plaintiff did not report the purchase or the use of the aircraft to the Department of Revenue and made no claim of exemp-

tion for it when filing its sales and use tax return for December, 1983, or thereafter. Plaintiff did include the value of the plane in later Tennessee franchise and excise tax filings.

*Vector Company v. Benson,* 491 S.W.2d 612 (Tenn.1973) is a case with facts markedly similar to those that gave rise to the tax assessment in this case. In *Vector,* the plaintiff corporation purchased three airplanes outside Tennessee for use in its business, which was conducted in several states. The planes were brought into Knoxville, Tennessee, the situs of the corporation's home office, and hangared there. Operation of the planes was directed and controlled by the Knoxville office, and most of the planes' flights were interstate. The three aircraft were taxed as personalty in Knox County and their value was used in computing the corporation's franchise tax. On these facts, we found the three aircraft had come to rest in Tennessee and had become a part of the mass of property in the state, making them subject to the use tax.

■ While recognizing the surface applicability of *Vector,* plaintiff insists that, unlike the planes that were subject to the use tax in that case, its airplane had entered the stream of interstate commerce before coming to Tennessee and was therefore not subject to the use tax. *Cf.* T.C.A. § 67–6–313. The facts do not support plaintiff's argument. The flight of plaintiff's aircraft from New Hampshire to Delaware for outfitting, the pilot training flights in Delaware, and the flight thereafter to Tennessee with the son of plaintiff's president as a passenger constitute mere "interstate movement" as that form is used in *Southern Pacific Co. v. Gallagher,* 306 U.S. 167, 177, 59 S.Ct. 389, 393, 83 L.Ed. 586 (1939). Such movement is distinguished in *Southern Pacific* from "interstate consumption" and does not preclude the imposition of a use tax by the State of Tennessee.

■ Plaintiff argues that, if a use tax is to be imposed, it should be apportioned to reflect only the instate use of the aircraft. We dispose of this argument as we disposed of the identical argument made by the plaintiff in *Vector* by stating that no provision for apportionment is made in the Tennessee Sales and Use Tax law, and this court has no authority to apportion on any basis. Further diminishing plaintiff's argument for apportionment is that plaintiff's aircraft has not been taxed by other states, nor is there proof that plaintiff is at risk from taxation by other states.

■ Plaintiff argues on both due process and equitable grounds that, even if it is not entitled to recover the use tax paid, it is at least entitled to a return of penalties imposed. Plaintiff bases its due process argument on the erroneous claim that the only way it could preserve its right to litigate the payment of taxes was to incur a penalty by withholding payment until after the Department of Revenue assessed the tax as a deficiency and at least threatened some action to collect it. T.C.A. § 67–1–901 requires that a taxpayer pay his taxes "under protest" before he has the right to litigate for their return. This court held in *Bergeda v. State,* 179 Tenn. 460, 167 S.W.2d 338 (1943) that the payment under protest provisions of T.C.A. § 67–1–901–912 meet the due process requirements of the federal and state constitutions. In this case plaintiff need not have incurred penalties by waiting until a deficiency was assessed to insure a finding that its payment of use taxes was under protest. *See Atlas Powder Co. v. Goodloe,* 131 Tenn. 490, 175 S.W. 547 (1915).

In *Atlas Powder, supra* at 550, this court rejected a claim similar to the one made by plaintiff and quoted the following with approval from the case of *Gaar, Scott & Co. v. Shannon,* 223 U.S. 468, 32 S.Ct. 236, 56 L.Ed. 510 (1912):

... [the taxpayer] has the same right to sue if he pays under compulsion of a statute, whose self-executing provisions amount to duress. An act which declares that where the franchise tax is not paid by a given date, a penalty of twenty-five percent shall be incurred, the license of the company shall be cancelled, and the right to sue shall be lost, operates much more as duress than a levy on a limited amount of property. Payment to

**446**

avoid such consequences is not voluntary, but compulsory and may be recovered back.

The ruling in *Atlas Powder* was adhered to in *Jorgensen-Bennett Mfg. Co. v. Knight,* 156 Tenn. 679, 586, 3 S.W. 2d 668, 671 (1928), which held that tax payment are not voluntary when failure to pay could result in fines ranging from $10 to $1,000. It has similarly been held there is sufficient duress for a finding of involuntary payment when failure to pay taxes could cause the revocation of a corporate taxpayer's license or a fine of up to $500. *See also Volunteer State Life Ins. Co. v. Caldwell,* 157 Tenn. 241, 7 S.W. 2d 803 (1928).

The Tennessee use tax is self-assessing, and, in the present case, plaintiff's willful failure to comply with its provisions left it open to the possibility of a 25% penalty, T.C.A. § 67–6–516; fines and imprisonment, T.C.A. § 67–6–526; and the forfeiture of its certificate of registration and consequent inability to carry on its business for a twelve-month period, T.C.A. §§ 67–6–603, 67–6–604. Given such consequences, plaintiff had no reason to assume when filing its use tax return that payment with a clear indication of protest was not sufficient to enable it to later bring suit to recover payment.

■ Plaintiff's claim that the penalty assessed is inequitable is also meritless. Penalties may be waived for equitable reasons when the provisions of a tax law or regulation are unclear or unsettled at the time a deficiency is incurred. T.C.A. § 67–1–803 (c)(1)(C); *Benson v. United States Steel Corp.,* 225 Tenn. 164, 465 S.W.2d 124, 130 (1971). However, Tennessee law with respect to use tax liability for the importation of a company plane to be based in this state was established in the *Vector* case. Plaintiff's failure to abide by the *Vector* decision cannot be excused, especially as plaintiff sought no clarification regarding its tax liability on the aircraft from the Department of Revenue.

Judgment is affirmed. Costs incident to the appeal are adjudged against plaintiff and its surety.

BROCK, C.J., and FONES, HARBISON, and DROWOTA, JJ., concur.