IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
September 16, 2014 Session

## McCURRY EXPEDITIONS, LLC, ET AL. V. RICHARD H. ROBERTS

**Appeal from the Chancery Court for Giles County**
**No. 5548      Jim T. Hamilton, Chancellor**

_____

**No. M2014-00526-COA-R3-CV- Filed November 14, 2014**

_____

The case concerns the imposition of sales and use tax on a luxury motor home stored in Tennessee by an out-of-state corporation. The trial court granted summary judgment to the tax-payer corporation, finding that the imposition of sales tax was not authorized by statute and was not consistent with the Commerce Clause of the United States Constitution. We reverse and remand.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Reversed and Remanded**

J. STEVEN STAFFORD, P.J., W.S., delivered the opinion of the Court, in which JOHN W. MCCLARTY, J., and BRANDON O. GIBSON, J., joined.

Robert E. Cooper, Jr., Attorney General and Reporter; Joseph F. Whalen, Acting Solicitor General; R. Mitchell Porcello, Assistant Attorney General, for the appellant, Richard H. Roberts, Commissioner, State of Tennessee Department of Revenue.

Joe W. Henry, Jr., Pulaski, Tennessee, for the appellee, McCurry Expeditions, LLC and Ralph McCurry.

**OPINION**

**Background**

On December 6, 2005, Plaintiff/Appellee McCurry Expeditions, LLC ("McCurry

LLC") purchased a 2007 model 450 Newell motor home for $939,600.00.[1] McCurry LLC is a limited liability company organized under the laws of the State of Montana. Plaintiff/Appellee Ralph McCurry (together with McCurry LLC, "Appellees") is the owner and sole member of McCurry LLC. Mr. McCurry has a residence in Tennessee. The purpose of the purchase was to allow Mr. McCurry, as owner of McCurry LLC, to use the motor home as a "mobile office to research, develop and purchase recreational parks and other real property in states outside the State of Tennessee." Neither McCurry LLC nor Mr. McCurry paid any sales tax on the purchase of the motor home in December 2005. Mr. McCurry first drove the motor home to Tennessee in 2006. Beginning in September 2007, the Appellees stored the motor home in Tennessee approximately six months out of every year. On numerous occasions thereafter, Mr. McCurry drove the motor home from Tennessee to other states for trips beginning at Mr. McCurry's home in Tennessee. At the conclusion of the trips, Mr. McCurry would return home to Tennessee using the motor home.

In July 2012, the Defendant/Appellant Commissioner of the Tennessee Department of Revenue ("Department of Revenue") assessed Appellees for use tax in a total amount of $103,605.33, as a result of their use and storage of the motor home in Tennessee. McCurry LLC was also assessed use tax by the State of Alabama as a result of the use of the motor home in that State. McCurry LLC paid $26,716.05 to Alabama to satisfy the Alabama use tax assessment, which included tax, interest, and a penalty. After giving credit for the tax paid to Alabama, the outstanding balance on the Tennessee assessment was allegedly $78,357.53, plus statutory interest continuing to accrue.

On October 22, 2012, the Appellees filed a declaratory judgment complaint in the Giles County Chancery Court to challenge the assessment. On December 6, 2012, the Department of Revenue filed an answer and a counterclaim for the amount of the assessment, plus statutory interest. On October 30, 2012, the Appellees filed an answer to the counterclaim.

In September 2013, the parties filed competing motions for summary judgment. To support their motion for summary judgment, the Appellees filed the affidavit of Mr. McCurry. The Department of Revenue filed a Statement of Undisputed Facts in support of its motion. For purposes of this appeal, it is undisputed that since 2007, the motor home had been stored in Tennessee for six months per year, that the motor home was not serviced or repaired in Tennessee, and that the motor home was never loaned to any third party for use in the State. The only disputes concerned whether the motor home was used or stored for use

---

[1] The Appellees' complaint states that the motor home was purchased in Montana, but Mr. McCurry's later affidavit states that it was picked up after purchase in Oklahoma. Regardless, there is no dispute that the motor home was not purchased in Tennessee.

in Tennessee, as required by the relevant taxing statute, and whether the taxation comported with constitutional principles. The Appellees argued that the imposition of use tax was in error because the motor home was neither used or stored for use in Tennessee, and instead was only used by McCurry LLC for business purposes. The Appellees cite Mr. McCurry's affidavit, which states that the motor home is stored in Tennessee "for use solely outside the State of Tennessee and has never [been] used . . . in the State of Tennessee." The Department of Revenue, in contrast, argued that the motor home was both used and stored for use in Tennessee and that imposition of the Tennessee use tax was proper. The Department of Revenue relies on the Appellees' response to its statement of undisputed facts, which states that:

> 5.      [Appellees] first drove the motor home into Tennessee in January 2006. On numerous occasions thereafter, [Appellees] drove the motor home to and from Tennessee. . . .
>
> **RESPONSE:** This fact is undisputed with the caveat that the vehicle was being driven by the individual Plaintiff Ralph McCurry.
>
> 6.      Beginning in September 2007, [Appellees] began storing the motor home in Tennessee for approximately six months out of every year. . . .
>
> **RESPONSE:** This fact is undisputed.

The motions were heard on December 4, 2013. The trial court entered a final order on February 20, 2014, granting the Appellees' motion for summary judgment and denying the Department of Revenue's competing motion. The trial court concluded that the Appellees did not owe Tennessee use tax because they did not use the motor home in Tennessee or store the motor home in Tennessee for use in Tennessee. The trial court also concluded that the presence of the motor home in Tennessee was *de minimis* and that its use lacks minimal contacts with the State of Tennessee. The Department of Revenue filed a timely notice of appeal.[2]

_____

[2] At oral argument on this cause, it was brought to the parties' attention that the purported final order in this case contained neither the signature of counsel for the Department of Revenue, nor any certificate of service or a certification indicating that a copy of the order was mailed to counsel for the Department of Revenue in compliance with Rule 58 of the Tennessee Rules of Civil Procedure. *See* Tenn.

(......continued)

## Issue Presented

The Department of Revenue raises one issue on appeal, which is taken, and slightly

---

(continued.....)
R. Civ. P. 58 (noting that for an order to be final it must either be signed by the judge and all the parties or counsel; signed by the judge and one party or counsel with a certificate of counsel stating that the order was mailed to the other parties or counsel; or signed by the judge with a certificate from the clerk stating that a copy was served on all the parties or counsel).  As we explained in **Steppach v. Thomas**, 2009 WL 3832724 (Tenn. Ct. App. Nov. 17, 2009):

> "The purpose of [Tenn. R. Civ. P. 58] is to insure that a party is aware of the existence of a final, appealable judgment in a lawsuit in which he [or she] is involved." **Masters ex rel. Masters v. Rishton**, 863 S.W.2d 702, 705 (Tenn. Ct. App. 1992); *see also* Tenn. R. Civ. P. 58, advisory comm'n cmt. (stating that Rule 58 "is designed to make uniform across the State the procedure for the entry of judgment and to make certain the effective date of the judgment"). Compliance with Rule 58 is mandatory, **State ex rel. Taylor v. Taylor**, No. W2004-02589-COA-R3-JV, 2006 WL 618291, at *2 (Tenn. Ct. App.  Mar.13, 2006) (quoting **Gordon v. Gordon**, No. 03A01-9702-CV-00054, 1997 WL 304114, at *1 (Tenn. Ct. App. June 5, 1997)), and "[t]he failure to adhere to the requirements set forth in Rule 58 prevents a court's order or judgment from becoming effective." **Blackburn v. Blackburn**, 270 S.W.3d 42, 49 (Tenn. 2008) (citing **DeLong v. Vanderbilt Univ.**, 186 S.W.3d 506, 509 (Tenn. Ct. App. 2005)). This means that an order that does not comply with Rule 58 "is not a final judgment and is ineffective as the basis for any action for which a final judgment is a condition precedent." **Citizens Bank of Blount County v. Myers**, No. 03A01-9111-CH-422, 1992 WL 60883, at *3 (Tenn. Ct. App. Mar.30, 1992) (holding that an execution and garnishment was improper when based on a judgment that did not comply with Rule 58); *see also* **State ex rel. Taylor**, No. W2004-02589-COA-R3-JV, 2006 WL 618291, *3 (Tenn. Ct. App. March 13, 2006)(dismissing the appeal for lack of a final order when the order appealed from did not comply with Rule 58). Accordingly, if the order appealed is not a final judgment, this Court does not have subject matter jurisdiction to adjudicate the appeal. **In re Estate of Henderson**, 121 S.W.3d 643, 645 (Tenn. 2003).

**Steppach**, 2009 WL 3832724, at *4. Thereafter, on October 23, 2014, the Chancery Court Clerk of Giles County filed a supplemental record with this Court certifying that "a copy of the final order in this matter . . . was forwarded by mail to" all the attorneys involved in the case, including counsel for the Department of Revenue. The requirements of Rule 58, thus being satisfied, this Court has proper subject matter jurisdiction over this appeal.

restated, from its brief:

> Whether the trial court erred in ruling that the driving and storage of a motor home in Tennessee by the Appellees, were not taxable under Tennessee's use tax, Tennessee Code Annotated Section 67-6-203, which imposes a tax on tangible personal property that is "used, consumed, distributed, or stored for use or consumption in this state"?

## Standard of Review

The issues in this case rest on cross-motions for summary judgment. The trial court granted the Appellees' motion, while denying the motion filed by the Department of Revenue. A trial court's decision to grant or deny a motion for summary judgment presents a question of law. Our review is, therefore, *de novo* with no presumption of correctness afforded to the trial court's determination. ***Bain v. Wells***, 936 S.W.2d 618, 622 (Tenn.1997). This Court must make a fresh determination that the requirements of Tennessee Rule of Civil Procedure 56 have been satisfied. ***Absure v. Methodist Healthcare-Memphis Hosps.***, 325 S.W.3d 98, 103 (Tenn. 2010). When a motion for summary judgment is made, the moving party has the burden of showing that "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Tenn. R. Civ. P. 56.04. Further, according to the Tennessee General Assembly:

> In motions for summary judgment in any civil action in Tennessee, the moving party who does not bear the burden of proof at trial shall prevail on its motion for summary judgment if it:
>
> (1) Submits affirmative evidence that negates an essential element of the nonmoving party's claim; or
>
> (2) Demonstrates to the court that the nonmoving party's evidence is insufficient to establish an essential element of the non-moving party's claim.

Tenn. Code Ann. § 20-16-101 (effective on claims filed after July 1, 2011).

## Analysis

### Statutory Basis

The Department of Revenue first argues that the trial court erred in granting summary judgment to the Appellees on the basis that the imposition of use tax in this case was not authorized by statute. The dispute concerns the interpretation of Tennessee Code Annotated Section 67-6-203, which provides, in relevant part:

> A tax is levied at the rate of the tax levied on the sale of tangible personal property at retail by § 67-6-202 of the purchase price of each item or article of tangible personal property when the tangible personal property is not sold, but is **used, consumed, distributed, or stored for use or consumption in this state**; provided, that there shall be no duplication of the tax.

(Emphasis added); *see also* Tenn. Code Ann. § 67-6-102(88) (defining "storage" as "any keeping or retention in this state of tangible personal property for use or consumption in this state, or for any purpose other than sale at retail in the regular course of business").

Because the issues in this case concern the proper interpretation of a statute, we must follow the familiar rules of statutory interpretation and construction:

> Our role is to determine legislative intent and to effectuate legislative purpose. [*Lee Med., Inc. v. Beecher*, 312 S.W.3d 515, 526 (Tenn. 2010)]; *In re Estate of Tanner*, 295 S.W.3d 610, 613 (Tenn. 2009). The text of the statute is of primary importance, and the words must be given their natural and ordinary meaning in the context in which they appear and in light of the statute's general purpose. *See Lee Med., Inc.*, 312 S.W.3d at 526; *Hayes v. Gibson Cnty.*, 288 S.W.3d 334, 337 (Tenn. 2009); *Waldschmidt v. Reassure Am. Life Ins. Co.*, 271 S.W.3d 173, 176 (Tenn. 2008). When the language of the statute is clear and unambiguous, courts look no farther to ascertain its meaning. *See Lee Med., Inc.*, 312 S.W.3d at 527; *Green v. Green*, 293 S.W.3d 493, 507 (Tenn. 2009). When necessary to resolve a statutory ambiguity or conflict, courts may consider matters beyond the statutory text, including public policy, historical facts relevant to the enactment of the statute, the background and purpose of the statute, and the entire statutory scheme. *Lee Med., Inc.*, 312 S.W.3d at 527–28. However, these non-codified external sources "cannot provide a basis for departing from clear codified statutory provisions." *Id.* at 528.

*Mills v. Fulmarque*, 360 S.W.3d 362, 368 (Tenn. 2012). In addition, taxation statutes must be liberally construed in favor of the taxpayer and strictly construed against the taxing authority. *Covington Pike Toyota, Inc. v. Cardwell*, 829 S.W.2d 132, 135 (Tenn. 1992) (citing *Sky Transpo, Inc. v. City of Knoxville*, 703 S.W.2d 126, 129 (Tenn. 1985)).

The resolution of this case turns on the question of whether the motor home is "used" in Tennessee or "stored for use" in Tennessee. The term "used" is defined by statute as "the exercise of any right or power over tangible personal property incident to the ownership thereof, except that it does not include the sale at retail of that property in the regular course of business." Tenn. Code Ann. § 67-6-102(94)(a). Thus, for purposes of sale and use tax in Tennessee, use refers to: 1) the exercise of any right or power; 2) over tangible personal property; 3) incident to ownership thereof. *See id.*; *see also The American Heritage College Dictionary* 700(4th ed. 2002) (defining "incident" as "[t]ending to arise or occur as a result or accompaniment" or "[r]elated to or dependent on another thing").

The Appellees do not appear to take issue with the fact that the motor home is properly characterized as tangible personal property and that when used, the use was incident to McCurry's LLC's ownership of the motor home. Instead, the Appellees argue that they did not "exercise any right or power" over the motor home in Tennessee because the motor home is "used exclusively for out of state purposes, was not maintained in the State of Tennessee for operational purposes and driven any distance on a Tennessee roadway to a state line to begin the out of state use trip[.]" Thus, the Appellees argue that the trial court properly found that the motor home was not subject to the Tennessee use tax.

We respectfully disagree. In the trial court, the Appellees admitted that the "[Appellees] first drove the motor home into Tennessee in January 2006. **On numerous occasions thereafter, [Appellees] drove the motor home to and from Tennessee**. . . ." (Emphasis added). Thus, the Appellees, with Mr. McCurry as the agent or licensee of McCurry LLC, did "exercise any right or power" over the motor home in Tennessee by utilizing the motor home for out-of-state travel. Logically, in order to go "to and from" Mr. McCurry's Tennessee home, the motor home would have been required to be used in Tennessee. Indeed, a motor home is defined as a "motor vehicle," whose purpose is "to serve as living quarters for recreational travel." *The American Heritage College Dictionary* 908 (4th ed. 2002). Accordingly, a motor home serves two purposes: 1) living quarters; and 2) travel transportation. There is nothing in the statute that requires that the motor home be used for both these purposes in Tennessee; merely one will suffice. Thus, by using the motor home to travel through Tennessee to other states, the motor home was being used in Tennessee for the very purpose for which the motor home was created. *See also Black's Law Dictionary* 1681 (9th ed. 2009) (defining "use" as "[t]he application or employment of something; esp[ecially], a long-continued possession and employment of a thing for **the purpose for**

**which it is adapted**") (emphasis added). Thus, the undisputed facts in the record show that the motor home was used in Tennessee.

Tennessee caselaw supports our conclusion in this case. For example in *Bean Dredging Corp. v. Olsen*, 742 S.W.2d 259 (Tenn. 1987), the Tennessee Supreme Court held that a dredging vessel was subject to Tennessee use tax, despite the fact that the dredging vessel sometimes operated in other states or in "interstate operations." Specifically, the Court held that the vessel was subject to use tax in Tennessee because it sometimes operated wholly within the State of Tennessee. *Id.* at 261–62 ("It is clear from the factual record that the equipment involved in this case was not at all times engaged in interstate operations, since during at least part of the time it was operating wholly within the boundaries of Tennessee."). Furthermore, the Tennessee Supreme Court explained: "Even if appellee's dredging operations could be classified as interstate commerce, however, obviously there were substantial periods of time during which the equipment was not so engaged but was at dock or storage in Shelby County." *Id.* at 262. Because the dredging vessel was used in Tennessee and spent substantial time in Tennessee, it was subject to Tennessee use tax. In this case, the motor home was likewise used in Tennessee for transportation purposes, and it spent substantial time in Tennessee. Accordingly, we likewise conclude that the motor home is subject to Tennessee use tax.

The Tennessee Supreme Court came to a similar conclusion in *Service Merchandise Co., Inc. v. Jackson*, 735 S.W.2d 443 (Tenn. 1987). In *Service Merchandise*, the owner of a plane purchased in Delaware filed an action seeking recovery of sales and use tax paid on the use of the plane in Tennessee, arguing that the plane was not used or stored for use in Tennessee, as its operations involved interstate commerce. *Id.* at 444–45. The Tennessee Supreme Court rejected that argument, concluding that the interstate flights were classified as merely "interstate movement," which did not preclude the imposition of State use tax. *Id.* at 445. Instead, the Tennessee Supreme Court concluded that because the plane was hangared in Tennessee, received routine maintenance in Tennessee, and flights "generally begin or end" in Tennessee, the plane was subject to Tennessee use tax, regardless of the fact that very few intrastate flights took place. *Id.* at 444. While in this case it is not disputed that the general maintenance of the motor home took place in Oklahoma, rather than in Tennessee, we conclude that *Service Merchandise* supports the imposition of Tennessee use tax in this case. Here, there is no dispute that the Appellees' trips out-of-state "generally begin [and] end" in Tennessee, and that the motor home is stored in Tennessee in the meantime. Furthermore, the fact that the motor home is only used in Tennessee to go to other states does not alter the fact that the Appellees "exercise[d] . . . a[] right or power" over the motor home in Tennessee, nor is it sufficient to defeat the imposition of use tax under the reasoning in *Service Merchandise*. *See also Vector Company v. Benson*, 491 S.W.2d 612 (Tenn.1973) ("It is clear that under the statutory definitions, Vector imported tangible personal property

into Tennessee from without the state for the purpose of retaining it or exercising dominion over it in Tennessee and so became liable for a use tax unless exempted . . . .”). Thus, the trial court erred in finding that the Appellees did not use the motor home in Tennessee. Because the motor home was both used in Tennessee and stored for use in Tennessee, it is subject to Tennessee use tax.

## Substantial Nexus

The Department of Revenue next argues that the trial court erred in concluding that there was not an appropriate nexus between the motor home’s use and Tennessee. Specifically, the trial court found:

> [T]he presence of the motor vehicle in Tennessee is *de minimis* and . . . there is not a substantial nexus in this case with the State of Tennessee.
> [T]he motor vehicle in this matter and it’s [sic] operation by the [Appellees] lack even minimal contacts with the State of Tennessee and the Court finds no nexus between the [Appellees], the motor vehicle and the [State].

First, we note that this Court has previously rejected a claim that no sales and use tax can be levied where the property’s contact with the State is merely *de minimis*, stating: “There is no statutory exception for a ‘*de minimus*’ [sic] presence in Tennessee.” ***Cole Bros. Circus, Inc. v. Huddleston***, No. 01-A-01-9301-CH00004, 1993 WL 190914, at *4 (Tenn. Ct. App. June 4, 1993) (affirming the imposition of use tax). Accordingly, the trial court’s finding that the motor home’s contact with the State of Tennessee is *de minimis*, standing alone, is not a sufficient basis to overturn the imposition of use tax in this case.

We also reject the Appellees’ contention that there was not a sufficient nexus upon which to levy sales and use tax in this case. Both parties cite the United States Supreme Court’s decision in ***Quill Corp. v. North Dakota***, 504 U.S. 298, 112 S.Ct. 1904, 119 L.Ed.2d 91 (1992) on this issue.[3] In ***Quill Corp.***, the Supreme Court held that the “negative” or

---

[3] The decision in ***Quill Corp.*** concerns a State’s authority to require a “vendor” operating a mail order business to collect sales and use tax for purchases made by in-state customers. ***Id.*** at 316–18. The Supreme Court concluded that because of interstate commerce concerns, the taxing State was required to show a substantial nexus between the taxing state and the vendor. This case, however, does not concern the collection of sales and use tax by a vendor, as there is no dispute that McCurry LLC sells no products in Tennessee. *See Black’s Law Dictionary* 1694 (9th ed. 2009) (defining a “vendor” as a “seller”). However, both parties cite ***Quill Corp.*** as the controlling law in the case and the Department of Revenue does not otherwise argue that they are not required to show a substantial nexus in this case.

"dormant" Commerce Clause "prohibits certain state actions that interfere with interstate commerce[,]" and limits the power of states to tax vendors in interstate commerce. *Id.* at 309. A State may assess a tax against an out-of-state vendor if the "'tax [1] is applied to an activity with a substantial nexus with the taxing State, [2] is fairly apportioned, [3] does not discriminate against interstate commerce, and [4] is fairly related to the services provided by the State.'"[4] *Id.* at 311 (quoting *Complete Auto Transit, Inc. v. Brady*, 430 U.S. 274, 279, 97 S.Ct. 1076, 51 L.Ed.2d 326, (1977)). Finally, the Court held that with regard to an out-of-state vendor, whose sales are by mail-order, the vendor must have some physical presence in the State. Indeed, the Court explained that whether a substantial nexus exists "may turn on the presence in the taxing State of a small force, plant, or office." *Id.* at 315; *see also* ***Arco Bldg. Systems, Inc. v. Chumley***, 209 S.W.3d 63 (Tenn. Ct. App. 2006) (explaining that the ***Quill Corp.*** Court "engrafted" the physical presence requirement of an earlier case onto the "substantial nexus" test). The term "physical presence" is not specifically defined by the ***Quill Corp.*** Court. However, this Court has previously indicated that:

> In ***Quill Corp.***, the Court used the phrase "physical presence" as a term of art to describe the connections it had previously found sufficient to support the imposition of state sales and use tax obligations on out-of-state companies. The Court has rejected the notion that only the acts of an out-of-state corporate seller's officers, directors, employees, or regular agents are relevant to the "physical presence" determination and has expressly upheld the imposition of state sales and use tax obligations based on an out-of-state seller's use of non-employee representatives who are not regular agents to conduct business activities in the taxing state. ***Tyler Pipe Indus., Inc. v. Wash. State Dep't of Revenue***, 483 U.S. 232, 249–51, 107 S.Ct. 2810, 2821–22, 97 L.Ed.2d 199 (1987); ***Scripto, Inc. v. Carson***, 362 U.S. at 209–13, 80 S.Ct. at 620–22.
>
> As this court has previously explained, "a substantial nexus may be established by activities carried on within the state by affiliates and independent contractors," and the fact that the out-of-state seller owns no real or personal property in the state

---

[4] The issue of whether there is a sufficient nexus to levy the tax in this case was raised, in a rather conclusory fashion, in the Appellees' complaint. The remaining factors outlined in ***Quill Corp.***, however, do not appear to have been raised by the Appellees in the trial court. A party cannot raise an issue for the first time on appeal. *See* ***Waters v. Farr***, 291 S.W.3d 873, 918 (Tenn. 2009). Accordingly, to the extent that Appellees' brief may be fairly read to raise the additional factors outlined in ***Quill Corp.***, they are waived.

and has no in-state employees or place of business is therefore not dispositive. ***America Online, Inc. v. Johnson***, No. M2001-00927-COA-R3-CV, 2002 WL 1751434, at *3 (Tenn. Ct. App. July 30, 2002) (No Tenn. R. App. P. 11 application filed) (emphasis added). The critical issue is whether substantial business activities "ha[ve] been carried on in the taxing state on the taxpayer's behalf."

*Arco Bldg. Systems*, 209 S.W.3d at 74.

In the trial court, the Appellees argued that there was neither "a substantial nexus with the taxing State," nor "minimum contacts" to support the State of Tennessee's action in this case. While these two requirements are interrelated, they are distinct requirements subject to different quanta of proof. The *Quill Corp.* Court indicated that while "minimum contacts" may exist to satisfy the requirements of the Due Process Clause, the "substantial nexus" required by the dormant Commerce Clause may yet be lacking. *Quill Corp.*, 504 U.S. at 313. However, "a tax that is consistent with the Commerce Clause generally will be consistent with the Due Process Clause." ***Scholastic Book Clubs, Inc. v. Farr***, 373 S.W.3d 558, 563 (Tenn. Ct. App. 2012) (citing *Quill Corp.*, 504 U.S. at 313). Accordingly, we will consider the more stringent requirement of "substantial nexus."

Based on our review of the record, we conclude that the undisputed facts of this case establish a substantial nexus between the State of Tennessee and McCurry LLC in this case. This is not the typical case wherein an out-of-state business is compelled to collect sales and use tax for purchases made by in-state consumers. Instead, the issue is whether Tennessee can impose use tax on McCurry LLC's use and storage of the motor home in Tennessee. Here, McCurry LLC, while not operating its business in Tennessee, has stored its equipment in Tennessee for six months out of the year for approximately seven years. Clearly, McCurry LLC has established a physical presence in the State by storing its equipment here for substantial periods of time. Indeed, the Texas Court of Appeals has recently held that the "physical storage of tangible personal property" in a State provides a substantial nexus for purposes of sales and use tax. *See **ETC Marketing, Ltd. v. Harris County Appraisal Dist. ETC Marketing, Ltd. v. Harris County Appraisal Dist.***, --- S.W.3d ----, 2014 WL 4928712, at * (Tex. Ct. App. 2014); *see also **In re Assessment of Personal Property Taxes Against Missouri Gas Energy, Div.***, 234 P.3d 938, 955 (Okla. 2008) (holding that the storage of natural gas in the State created a substantial nexus for purposes of sales and use tax). Moreover, it appears that Alabama levied use tax on the Appellees for their storage of the motor home in Alabama, much like the situation presented in this case. The Appellees do not assert that they did anything other than "store[]" the motor home in Alabama. The Appellees, however, do not appear to have objected to the imposition of use tax in Alabama, as they paid

the assessment in full. The same conduct provides a substantial nexus in this case.

In addition, McCurry LLC's owner and sole member, Mr. McCurry has used the motor home to travel to and from Tennessee on McCurry LLC business. From our review of the record, the use of the motor home in Tennessee was not limited to brief isolated incidents, as argued by the Appellees. Instead, the Appellees' own Memorandum in Support of their Motion for Summary Judgment details that the motor home traveled to Tennessee four times in 2006 and three times in 2007 prior to being stored here. Once the motor home was stored in Tennessee, it traveled back and forth from Tennessee to other states approximately nine times between September 2007 and August 2012. Under these circumstances, we cannot conclude that McCurry LLC's storage of the motor home in Tennessee and its travel to and from Tennessee over fifteen times does not provide a substantial nexus for the imposition of use tax in this case. Furthermore, these contacts are sufficient to show minimum contacts for purposes of the Due Process Clause. *See Scholastic Book*, 373 S.W.3d at 563. The trial court's finding that there were neither minimum contacts nor a substantial nexus is, therefore, reversed.

**Conclusion**

The order of summary judgment in favor of the Appellees is reversed and this cause is remanded to the trial court for entry of an order of summary judgment in favor of the Department of Revenue and all other proceedings as may be necessary and are consistent with this Opinion. Costs of this appeal are assessed to McCurry Expeditions, LLC, and Ralph McCurry, for which execution may issue if necessary.

_____
J. STEVEN STAFFORD, JUDGE