IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
January 30, 2025 Session

FILED
JAN 3 0 2025
Clerk of the Appellate Courts
REc'd By _____

## CARLOS DURAND v. MICHELLE MILLER

**Appeal from the Chancery Court for Carter County**
**No. C230098    Suzanne Cook, Judge**

---

### No. E2024-01285-COA-R3-CV

---

Because the order from which the appellant has filed an appeal does not constitute a final appealable judgment, this Court lacks jurisdiction to consider this appeal.

### Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed

D. MICHAEL SWINEY, C.J.; JOHN W. MCCLARTY, J.; AND THOMAS R. FRIERSON, II, J.

Michelle Miller, Nashville, Tennessee, Pro Se Appellant.

Jason A. Creech, Johnson City, Tennessee, for the appellee, Carlos Durand.

### MEMORANDUM OPINION[1]

The *pro se* appellant, Michelle Miller ("Appellant"), filed a notice of appeal with this Court in August 2024, which states that Appellant is appealing the July 24, 2024 order of the Carter County Chancery Court ("Trial Court"). Upon receiving the appellate record in this appeal, this Court reviewed the record on appeal to determine if the Court has subject matter jurisdiction over the appeal pursuant to Tenn. R. App. P. 13(b). Based on that review, we determined that the order appealed is not a final judgment subject to an appeal as of right under Tenn. R. App. P. 3. In the motion for injunctive relief, the appellee, Carlos Durand ("Appellee"), requested an award of "reasonable attorney's fees, suit expenses and such other relief both general and specific to which he may be entitled." However, the

---

[1] Rule 10 of the Rules of the Court of Appeals provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

Trial Court's July 24, 2024 order, from which the appellant seeks to appeal, does not address attorney's fees or expenses.

Because it appeared that there was no final judgment in the underlying trial court proceedings, this Court entered a show cause order on December 6, 2024, providing Appellant an opportunity to obtain a final judgment from the Trial Court or else show cause why this appeal should not be dismissed for lack of subject matter jurisdiction. However, Appellant has not supplemented the appellate record with a final order nor requested an extension of time to do so. Instead, Appellant filed a response with this Court, arguing that Appellee waived his outstanding claim for attorney's fees by failing to pursue it in the underlying proceedings and that the July 24, 2024 order is, therefore, final.

"A final judgment is one that resolves all the issues in the case, 'leaving nothing else for the trial court to do.'" *In re Estate of Henderson*, 121 S.W.3d 643, 645 (Tenn. 2003) (quoting *State ex rel. McAllister v. Goode*, 968 S.W.2d 834, 840 (Tenn. Ct. App. 1997)). This Court does not have subject matter jurisdiction to adjudicate an appeal as of right if there is no final judgment. *See Bayberry Assocs. v. Jones*, 783 S.W.2d 553, 559 (Tenn. 1990) ("Unless an appeal from an interlocutory order is provided by the rules or by statute, appellate courts have jurisdiction over final judgments only.").

Moreover, it is well-settled that a pending claim for attorney's fees prevents a final judgment. *See e.g., E. Solutions for Buildings, LLC v. Knestrick Contractor, Inc.* No. M2017-00732-COA-R3-CV, 2018 WL 1831116, at *4 (Tenn. Ct. App. April 17, 2018) (finding that order directing parties to re-submit requests for attorney's fees after appeal was "improvidently certified as final," and holding that because trial court did not dispose fully and finally of claim for attorney's fees, this Court lacked jurisdiction); *Grand Valley Lakes Property Owners' Assoc., Inc. v. Gunn*, No. W2008-01116-COA-R3-CV, 2009 WL 981697, at *3 (Tenn. Ct. App. April 13, 2009) (stating "the circuit court did not resolve Grand Valley's request for attorney's fees . . . . As we have stated, except as otherwise permitted in Rule 9 and in Rule 54.02, an order adjudicating fewer than all the claims of the parties is not a final, appealable order.").

As to Appellant's argument that Appellee waived his claim for attorney's fees, the party invoking such claim has the burden of demonstrating that the claims were actually waived or abandoned. *Save Our Fairgrounds v. Metro. Gov't of Nashville*, No. M2019-00724-COA-R3-CV, 2019 WL 3231381, at *5 (Tenn. Ct. App. July 18, 2019) (citing *Fayne v. Vincent*, 301 S.W.3d 162, 171 (Tenn. 2009)). We note that generally the issue of attorney's fees only becomes ripe for review when or after a trial court makes its ruling on the merits of the case. In this case, the Trial Court made its decision on the merits via its July 24, 2024 order, and there is no indication that the Trial Court treated Appellee's claim for attorney's fees as waived by Appellee. During the underlying proceedings, Appellee raised his claim for attorney's fees in his motion for injunctive relief filed in April 2024,

his response to Appellant's motion for recusal filed in May 2024, and his response to Appellant's motion for remote attendance filed in June 2024. We hold that there is insufficient evidence to demonstrate that Appellee had waived his claim for attorney's fees.

In her response, Appellant also takes issue with this Court's "unsolicited guidance about attorney's fees"; however, this Court is required to consider whether it has subject matter jurisdiction over this appeal. *See* Tenn. R. App. P. 13(b) ("The appellate court shall also consider whether the trial and appellate court have jurisdiction over the subject matter, whether or not presented for review . . . ."); *Morgan Keegan & Co., Inc. v. Smythe*, 401 S.W.3d 595, 601 n.15 (Tenn. 2013) ("Courts have the responsibility to address their own subject matter jurisdiction, even when the parties have not raised the issue."). An outstanding claim for attorney's fees prevents the judgment from becoming final and, thus, deprives this Court of subject matter jurisdiction. *See E. Solutions for Buildings, LLC*, No. 2018 WL 1831116, at *4; *McCurry Expeditions, LLC v. Roberts*, 461 S.W.3d 912, 916 n.2 (Tenn. Ct. App. 2014) ("[I]f the order appealed is not a final judgment, this Court does not have subject matter jurisdiction to adjudicate the appeal." (citing *In re Estate of Henderson*, 121 S.W.3d 643, 645 (Tenn. 2003) (other internal citations omitted))).

The court order from which Appellant seeks to appeal does not constitute a final appealable judgment. Therefore, this Court lacks jurisdiction to consider this appeal. The appeal is hereby dismissed without prejudice to Appellant's ability to file an appeal after the Trial Court resolves all outstanding issues, including Appellee's request for attorney's fees and expenses. Costs on appeal are taxed to the appellant, Michelle Miller, for which execution may issue.

**PER CURIAM**