IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
January 6, 2004 Session

## JANICE DeLONG v. THE VANDERBILT UNIVERSITY

Appeal from the Circuit Court for Davidson County
No. 01C-874     Thomas W. Brothers, Judge

No. M2002-02655-COA-R3-CV - Filed August 15, 2005

This appeal involves the collateral consequences of the dismissal of a wrongful death claim for failure to prosecute. The mother of a student who fell to his death from a dormitory window filed suit in both state and federal court against the university her son was attending. After the state proceedings lay dormant for over one year, the Circuit Court for Davidson County dismissed the complaint for failure to prosecute. Thereafter, the university moved to dismiss the federal suit on the ground that the dismissal of the state suit was res judicata with regard to the federal claim. The mother filed a Tenn. R. Civ. P. 60 motion in state court requesting modification of the dismissal order to reflect that it was not an adjudication on the merits. The state court denied the mother's request for Tenn. R. Civ. P. 60 relief and also denied her request for permission to file a Tenn. R. App. P. 9 appeal. The mother has appealed both decisions. We have determined that the trial court erred by denying the mother's Tenn. R. Civ. P. 60 motion.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed**

WILLIAM C. KOCH, JR., P.J., M.S., delivered the opinion of the court, in which WILLIAM B. CAIN and PATRICIA J. COTTRELL, JJ., joined.

Daniel K. Evans, Lexington, Virginia, for the appellant, Janice DeLong.

Darrell G. Townsend and Neil M. McIntire, Nashville, Tennessee, for the appellee, The Vanderbilt University.

**OPINION**

**I.**

Patrick "Kyle" Gullahorn enrolled at Vanderbilt University as a freshman in the fall of 1996. He resided in Lupton Hall, a multi-story dormitory located in the Branscomb Quadrangle. On March

22, 1997, Mr. Gullahorn broke a window in a stairwell during an argument with his girlfriend and then fell five stories to his death.

On March 19, 1998, Janice DeLong, Mr. Gullahorn's mother, filed suit against Vanderbilt University in the Circuit Court for Davidson County. Eventually, Ms. DeLong moved for a voluntary dismissal, and the trial court dismissed her suit without prejudice on March 23, 2000. Thereafter, on January 22, 2001, Ms. DeLong filed a similar action against Vanderbilt in the United States District Court for the Middle District of Tennessee. Approximately two months later, on March 21, 2001, Ms. DeLong re-filed in the Circuit Court for Davidson County, apparently because of concerns that her federal suit would be dismissed for want of jurisdiction.

The federal suit was not dismissed, and in fact, proceeded steadily through discovery toward trial. Because Ms. DeLong's lawyers were concentrating on readying their federal case, they completely ignored the pending state case. Vanderbilt was never served in the state case, and so it never filed an answer. On April 10, 2002, the circuit court clerk notified Ms. DeLong's attorneys of record that the complaint would be dismissed in thirty days for failure to prosecute unless steps were taken to comply with Local Rule 18.01.[1] Despite this warning, Ms. DeLong's lawyers took no steps to move the state case along. Accordingly, on May 21, 2002, the trial court entered an order dismissing the state case pursuant to Local Rule 18.02.[2]

The May 21, 2002 order dismissing Ms. DeLong's second state complaint did not indicate that the dismissal was not on the merits. As a result, Vanderbilt filed a motion on June 26, 2002 in the pending federal proceeding seeking dismissal of Ms. DeLong's federal complaint on the ground of res judicata. On July 24, 2002, Ms. DeLong filed a Tenn. R. Civ. P. 60 motion in state court seeking to vacate the order of dismissal or to modify it to reflect that the case was not adjudicated on the merits. The trial court denied Ms. DeLong's motion on September 27, 2002.

On October 25, 2002, Ms. DeLong's lawyers filed a notice of appeal from the September 27, 2002 order. They also filed a Tenn. R. App. P. 9 application for an interlocutory appeal asserting that the May 21, 2002 order was not final or appealable because it did not comply with Tenn. R. Civ. P. 58's requirements for a final order. The trial court determined that its May 21, 2002 order was properly entered and, therefore, that it was final and appealable. Accordingly, on February 4, 2003, the trial court denied Ms. DeLong's application for a Tenn. R. App. P. 9 appeal. Ms. DeLong thereafter filed a second notice of appeal from the trial court's February 4, 2003 order.

---

[1] Rule 18.01 of the Local Rules of Practice for the Circuit Court, Chancery Court, Criminal Court and Probate Court of Davidson County ("Local Rule") requires that "[a]ll civil cases must be concluded or an order setting the case for trial obtained within twelve (12) months from the date of filing unless the court has directed a shorter or longer period."

[2] Local Rule 18.02 states that "[t]o expedite cases, the court may take reasonable measures including dismissal . . .."

Ms. DeLong asserts on this appeal that the May 21, 2002 order never became final because it did not fully comply with Tenn. R. Civ. P. 58. She also insists that the trial court erred by failing to grant her motion for Tenn. R. Civ. P. 60 relief from the May 21, 2002 order dismissing her complaint. Vanderbilt responds that any technical shortcoming in the May 21, 2002 order was harmless because one of Ms. DeLong's attorneys of record received actual, timely notice of the order's entry and that the denial of Ms. DeLong's Tenn. R. Civ. P. 60 relief was proper. We have determined that the May 21, 2002 order substantially complied with Tenn. R. Civ. P. 58 and, therefore, was a final order. However, we have also determined that the trial court should have granted Ms. DeLong's request for relief from the May 21, 2002 order pursuant to Tenn. R. Civ. P. 60.

## II.
### THE MAY 21, 2002 ORDER'S COMPLIANCE WITH TENN. R. CIV. P. 58

We turn first to Ms. DeLong's argument that the May 21, 2002 order of dismissal was not a final, appealable order because the trial court clerk did not comply with Tenn. R. Civ. P. 58. Ms. DeLong bases her argument on the fact that the order did not contain a certificate of service from the trial court clerk specifically indicating that a copy had been served upon all parties or their attorneys. Instead, the order contained the notation "cc" which is understood to mean that a copy of the document has been provided to the persons subsequently identified. *See Hicks v. Campbell*, No. M2001-00280-COA-R3-CV, 2003 WL 22438441, at *2 (Tenn. Ct. App. Oct. 28, 2003) (No Tenn. R. App. P. 11 application filed).

Tenn. R. Civ. P. 58 requires that judgments or orders must contain one of the following before they can become effective:

> (1)    the signatures of the judge and all parties or counsel, or
>
> (2)    the signatures of the judge and one party or counsel with a certificate of counsel that a copy of the proposed order has been served on all other parties or counsel, or
>
> (3)    the signature of the judge and a certificate of the clerk that a copy has been served on all other parties or counsel.

Failure to adhere to these requirements prevents the judgment or order from becoming effective. *Mangrum v. Collazo-Torres*, No. M2002-02277-COA-R3-CV, 2005 WL 273837, at *3 (Tenn. Ct. App. Feb. 3, 2005) (No Tenn. R. App. P. 11 application filed); *State v. Chapman*, 922 S.W.2d 516, 518 (Tenn. Ct. App. 1995); *Grantham v. Tennessee State Bd. of Equalization*, 794 S.W.2d 751, 752 (Tenn. Ct. App. 1990). This Court has recognized that "[t]he purpose of this Rule is to insure that a party is aware of the existence of a final, appealable judgment in a lawsuit in which he is involved." *Masters v. Rishton*, 863 S.W.2d 702, 705 (Tenn. Ct. App. 1992).

Ms. DeLong insists that the "cc" located on the order does not sufficiently comply with Tenn. R. Civ. P. 58. She argues that the "cc" merely expresses an intent to serve the requisite parties, rather than an assurance that those parties have been served. Vanderbilt points out that the clerk of the Circuit Court for Davidson County has been using the "cc" notation for several years and that this notation has been approved by the Circuit Court judges as a method of certifying that copies of the order are being sent to all parties and counsel of record.

We are unpersuaded by Ms. DeLong's argument that the order of dismissal was not a final order because of the informal "cc" notation. *See State v. Taylor*, No. E2001-01617-CCA-R3-CD, 2002 WL 15702, at *2-4 (Tenn. Crim. App. Jan. 8, 2002) (No Tenn. R. App. P. 11 application filed) (holding that the "cc" notation complies with Tenn. R. Civ. P. 58). Admittedly, this order of dismissal is not a textbook example of how clerk-issued orders of dismissal should be prepared. Even so, the purpose of the requirements in Rule 58 is to provide litigants with timely notice of the entry of final, appealable orders in their cases. *Masters v. Rishton*, 863 S.W.2d at 705.

It is undisputed that one of Ms. DeLong's attorneys of record had actual notice of the May 21, 2002 order. Three lawyers from the Wolff Ardis firm in Memphis were listed as attorneys of record on Ms. DeLong's complaint and therefore included in the "cc" – Patrick Ardis, Daniel Evans, and Anne Hamer. Although Ms. DeLong points out that the addresses for two of her attorneys identified in the "cc" were incorrect,[3] she admits that Mr. Ardis received notice of the pending dismissal and eventually received the order of dismissal.

Ms. DeLong makes some argument that Mr. Ardis was not her actual attorney at the time of the dismissal; however, the trial court was not notified of any changes in their attorney-client relationship.[4] Therefore, because Mr. Ardis remained Ms. DeLong's attorney of record in the trial court, Ms. DeLong was charged with the knowledge that her attorney possessed. *See Moody v. Moody*, 681 S.W.2d 545, 546 (Tenn. 1984) ("[c]ounsel's knowledge must be attributed to his client, if the actions of the court are to have any efficacy."). The May 21, 2002 order accomplished what Tenn. R. Civ. P. 58 is intended to accomplish because it caused one of Ms. DeLong's attorneys of

---

[3]The addresses for these attorneys were incorrect because Mr. Evans had resigned from Wolff Ardis effective December 31, 2001 and Ms. Hamer had resigned from Wolff Ardis effective January 31, 2002. Mr. Evans, however, continued to represent Ms. DeLong after he resigned from the firm. Mr. Evans relied on employees of Wolff Ardis to forward pertinent information regarding Ms. DeLong's case to him, which eventually resulted in a voluntary non-suit of the state case inadvertently not being filed after the notice of pending dismissal was received. There is no evidence that Mr. Evans made any effort to be designated as attorney-of-record for Ms. DeLong in the state proceeding until after her second complaint was dismissed on May 21, 2002.

[4]Evidence revealed that Ms. DeLong ended her attorney-client relationship with Mr. Ardis and his firm in April 2002. The firm filed a motion to withdraw in the federal case, but did not notify the state court of a similar motion. Furthermore, Mr. Evans failed to notify the trial court that he was the only counsel of record until July 24, 2002 when he filed a notice of appearance.

-4-

record to receive timely notice that her complaint had been dismissed. Consequently, the May 21, 2002 order was final and appealable.[5]

## III.
### THE DENIAL OF MS. DELONG'S TENN. R. CIV. P. 60 MOTION

Ms. DeLong also argues that the trial court erred by denying her request for relief from the May 21, 2002 judgment under Tenn. R. Civ. P. 60. Ignoring the inattention and sloppiness of the lawyers who were representing her at the time, she insists that she was entitled to relief from the May 21, 2002 judgment because she had been diligently pursuing her claim in federal court and because only one of her three attorneys of record received timely notice of the April 10, 2002 notice and the May 21, 2002 order. We find little merit in these arguments. However, we have determined that the trial court should have granted Ms. DeLong relief under Tenn. R. Civ. P. 60.02(5) because all of the parties and the trial court knew that the May 21, 2002 order was not a judgment on the merits.

### A.

Tenn. R. Civ. P. 60.02 provides an exceptional remedy that enables parties to obtain relief from a final judgment. *Nails v. Aetna Ins. Co.*, 834 S.W.2d 289, 294 (Tenn. 1992); *Hungerford v. State*, 149 S.W.3d 72, 76 (Tenn. Ct. App. 2003). The rule strikes a balance between the competing principles of finality and justice, *Banks v. Dement Constr. Co.,* 817 S.W.2d 16, 18 (Tenn. 1991); *Rogers v. Estate of Russell,* 50 S.W.3d 441, 444 (Tenn. Ct. App. 2001), and provides "an escape valve from possible inequity that might otherwise arise from the unrelenting imposition of the principle of finality imbedded in our procedural rules." *Thompson v. Firemen's Fund Ins. Co.,* 798 S.W.2d 235, 238 (Tenn. 1990). The burden of proof is on the party seeking Tenn. R. Civ. P. 60.02 relief. The bar for obtaining relief is set very high, and the burden borne by the moving party is heavy. *Johnson v. Johnson*, 37 S.W.3d 892, 895 (Tenn. 2001).

Appellate courts defer to a trial court's decision to grant or deny relief under Tenn. R. Civ. P. 60.02. *Henry v. Goins*, 104 S.W.3d 475, 479 (Tenn. 2003). Accordingly, they review these decisions using an abuse of discretion standard. *Federated Ins. Co. v. Lethcoe*, 18 S.W.3d 621, 624 (Tenn. 2000); *Beason v. Beason*, 120 S.W.3d 833, 839 (Tenn. Ct. App. 2003). When using this standard, a reviewing court will uphold a trial court's ruling as long as reasonable minds could disagree about its correctness, *Eldridge v. Eldridge*, 42 S.W.3d 82, 85 (Tenn. 2001); *Beason v. Beason*, 120 S.W.3d at 839, and will set the ruling aside only if the trial court has applied an incorrect legal standard or has reached a decision which is against logic and reasoning that causes an injustice to the moving party. *Henry v. Goins*, 104 S.W.3d at 479; *State ex rel. Russell v. West*, 115 S.W.3d 886, 889-90 (Tenn. Ct. App. 2003).

---

[5] Because Ms. DeLong filed a timely notice of appeal from the May 21, 2002 order, her appeal from the trial court's denial of her motion for Tenn. R. Civ. P. 60 relief is properly before us. Accordingly, we need not consider whether the trial court properly denied Ms. DeLong's Tenn. R. App. P. 9 application for permission to appeal.

Tenn. R. Civ. P. 60.02(5) empowers the courts to grant post-judgment relief for "any other reason justifying relief from the operation of the judgment." Despite its broad language, the courts construe Tenn. R. Civ. P. 60.02(5) narrowly. *Federated Ins. Co. v. Lethcoe*, 18 S.W.3d at 625; *Underwood v. Zurich Ins. Co.*, 854 S.W.2d 94, 97 (Tenn. 1993). Accordingly, the bar for obtaining relief under Tenn. R. Civ. P. 60.02(5) is even higher than the bar for obtaining relief under the other grounds in Tenn. R. Civ. P. 60.02. *Tennessee Dep't of Human Servs. v. Barbee*, 689 S.W.2d 863, 866 (Tenn. 1985); *Beason v. Beason*, 120 S.W.3d at 840.

Relief under Tenn. R. Civ. P. 60.02(5) is not available to relieve parties from their free, calculated, and deliberate choices. *Underwood v. Zurich Ins. Co.*, 854 S.W.2d at 97; *State ex rel. Russell v. West*, 115 S.W.3d at 890. Nor is it available to grant relief in circumstances in which one of the other grounds for relief in Tenn. R. Civ. P. 60.02 is applicable. *Holiday v. Shoney's South, Inc.*, 42 S.W.3d 90, 94 (Tenn. Ct. App. 2000); *Duncan v. Duncan*, 789 S.W.2d 557, 564 (Tenn. Ct. App. 1990). Rather, Tenn. R. Civ. P. 60.02(5) is intended to provide relief only in the most compelling, unique, exceptional, and extraordinary circumstances. *Federated Ins. Co. v. Lethcoe*, 18 S.W.3d at 625; *Johnson v. Johnson*, 37 S.W.3d at 895 n.2. As the Tennessee Supreme Court has noted, the reasons for granting relief from a judgment under Tenn. R. Civ. P. 60.02(5) must be of "overriding importance." *Banks v. Dement Constr. Co.*, 817 S.W.2d 1at 19.

**B.**

Ms. DeLong's current predicament is the result of questionable tactics and multiple inadvertences of her lawyers with regard to the state court proceeding. Without more, the conduct of her lawyers would not provide grounds for relief under Tenn. R. Civ. P. 60.02(5). However, there is more in this case that entitles Ms. DeLong to relief despite the conduct of her lawyers.

There is no question that the May 21, 2002 order dismissing Ms. DeLong's state complaint for failure to prosecute was not the result of a hearing on the merits of her complaint. The order has the preclusive effect of a decision on the merits only because it did not recite that it was not an adjudication on the merits. In this regard, Tenn. R. Civ. P. 41.02(3) provides:

> Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this Rule 41, other than a dismissal for lack of jurisdiction or for improper venue or for lack of an indispensable party, operates as an adjudication on the merits.

Had the trial court indicated in the May 21, 2002 order that is was not an adjudication on the merits, Ms. DeLong would not be faced with the prospect of Vanderbilt using the order as a basis to seek dismissal of her federal complaint on the grounds of res judicata.

Under the facts of this case, giving the May 21, 2002 order preclusive effect vindicates no important state interest. Ms. DeLong was diligently pursuing her federal claim against Vanderbilt

when the trial court dismissed her state claim for failure to prosecute.  The trial court would most likely have amended the May 21, 2002 order had Ms. DeLong's lawyers filed a timely Tenn. R. Civ. P. 59.04 motion.  Granting Ms. DeLong relief under Tenn. R. Civ. P. 60.02(5) will not result in a multiplicity of suits and will not burden the state courts with a stale claim.  In fact, granting Ms. DeLong Tenn. R. Civ. P. 60.02(5) relief is entirely consistent with the policy reflected in Tenn. R. Civ. P. 1 that favors construing the procedural rules to enable parties to obtain decisions based on the merits of their claims.  Accordingly, because of the effect that the May 21, 2002 order could have on Ms. DeLong's federal complaint, we have determined that this case presents one of the rare, compelling  circumstances in which granting relief under Tenn. R. Civ. P. 60.02(5) is necessary to prevent unwarranted hardship on a deserving party.

## IV.

We reverse the order denying Ms. DeLong's motion for Tenn. R. Civ. P. 60.02 relief and remand the case to the trial court with directions to enter an order dismissing Ms. DeLong's complaint for failure to prosecute but specifically providing in accordance with Tenn. R. Civ. P. 41.02(3) that the order is not an adjudication on the merits.  The costs of this appeal are taxed to Janice DeLong and her surety for which execution, if necessary, may issue.

_____
WILLIAM C. KOCH, JR., P.J., M.S.

-7-