NOT FOR PUBLICATION
File Name: 05a0767n.06
Filed: September 1,2005

No. 04-5481

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| JANICE DELONG, individually and<br>as next of kin of PATRICK KYLE<br>GULLAHORN, deceased | ) | |
| | ) | |
| | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE MIDDLE |
| | ) | DISTRICT OF TENNESSEE |
| VANDERBILT UNIVERSITY | ) | |
| | ) | **MEMORANDUM** |
| Defendant-Appellee. | ) | **OPINION** |
| | ) | |

**BEFORE: KENNEDY and MOORE, Circuit Judges, and RESTANI[\*], Judge.**

**PER CURIAM.** The district court dismissed Plaintiff Janice DeLong's wrongful death action against Defendant Vanderbilt University as *res judicata* on the basis that her concurrent Tennessee state court wrongful death action against Vanderbilt had been dismissed previously for failure to prosecute. See Joint Appendix ("J.A.") at 486. DeLong appeals, arguing that the district court erred by (1) permitting Vanderbilt to raise the *res judicata* defense after entry of a pre-trial order, (2) treating the state court dismissal order as final despite the order's alleged failure to comply with the state rule for final orders, and (3) refusing to vacate the federal dismissal order while the state appeal remained pending. We need not decide these specific issues, however, as the state court of appeals recently stripped the state dismissal order of its *res judicata* effect.

---

[\*] The Honorable Jane A. Restani, Chief Judge of the United States Court of International Trade, sitting by designation.

DeLong's son, Patrick Kyle Gullahorn, was an undergraduate student at Vanderbilt who fell from a dormitory stairwell window to his death on March 22, 1997. J.A. at 55. DeLong filed a wrongful death action in Tennessee state court but later non-suited the case on March 23, 2000. DeLong then filed her claims in federal district court on January 22, 2001. J.A. at 12. Concerned about a potential challenge to the district court's jurisdiction, she filed a second state court action on March 21, 2001. J.A. at 173. DeLong's attorneys did not attend to the state court action, and it was dismissed for failure to prosecute on May 21, 2002. J.A. at 189. DeLong did not appeal the dismissal of the state court action, but, on October 25, 2002, she appealed the state trial court's denial of her motion to vacate and modify the dismissal order pursuant to Tennessee Rule of Civil Procedure 60. J.A. at 482. The state appeal remained pending when, on March 31, 2003, the federal district court granted Vanderbilt's motion to dismiss, or, in the alternative, for summary judgment on the ground that her wrongful death action was *res judicata.* J.A. 486.

The state appeal is no longer pending. After we heard oral argument in the federal appeal, the state court of appeals reversed the state trial court's decision denying DeLong's Rule 60 motion and ordered that the existing dismissal order be replaced with a dismissal order that is expressly not an adjudication on the merits. *See DeLong v. The Vanderbilt Univ.*, No. M2002-02655-COA-R3-CV (Tenn. Ct. App. Aug. 15, 2005). The state court of appeals granted this exceptional relief in part because DeLong "was diligently pursuing her federal claim against Vanderbilt when the trial court dismissed her state claim for failure to prosecute." Id., slip op. at 6–7.

"*Res judicata* requires us to give the same effect to the Tennessee state court judgment as would another Tennessee state court." *Hutcherson v. Lauderdale County*, 326 F.3d 747, 758 (6th Cir. 2003) (citing 28 U.S.C. § 1738; *Marrese v. Am. Acad. of Orthopaedic Surgeons,* 470 U.S. 373,

380 (U.S. 1985)). By order of the state court of appeals, the state dismissal order is no longer a final adjudication on the merits and would have no preclusive effect in another state court. Thus, there is no longer a basis for the district court's order dismissing DeLong's action as *res judicata*. *See Goeke v. Woods*, 777 S.W.2d 347, 349 (Tenn. 1989) (discussing a final adjudication on the merits as one of the elements of *res judicata*). As no final adjudication on the merits exists, the instant case is distinguishable from cases in which satisfaction of the "technical elements" of *res judicata* gave preclusive effect to a judgment that "may have been wrong or rested on a legal principle subsequently overruled in another case." *Cf. Federated Dep't Stores v. Moitie*, 452 U.S. 394, 398–99 (U.S. 1981). Accordingly, we **VACATE** the district court's order and **REMAND** for further proceedings.