# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### January 27, 2010 Session

## STATE OF TENNESSEE v. ERNEST HURD

**Appeal from the Criminal Court for Anderson County**
**No. 90CR0466    Donald R. Elledge, Judge**

---

**No. E2009-00872-CCA-R3-CD - Filed June 15, 2010**

---

The Defendant, Ernest Hurd, appeals as of right from the Anderson County Criminal Court's denial of his motion to set aside the judgment declaring him to be a motor vehicle habitual offender (MVHO). See Tenn. Code Ann. §§ 55-10-601, et seq. In this appeal as of right, the Defendant argues that the default judgment declaring him to be a MVHO is void because it was not properly certified under Tenn. R. Civ. P. 58. Therefore, he argues that he cannot be convicted of violating the MVHO statute. See Tenn. Code Ann. § 55-10-616. Following our review, we hold that the default judgment met the requirements of Rule 58 and that, even if the judgment had not met these requirements, a delay of over sixteen years in challenging the judgment precludes any relief under Tenn. R. Civ. P. 60.02. Accordingly, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Affirmed.**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which JOSEPH M. TIPTON, P.J., and NORMA MCGEE OGLE, J., joined.

J. Thomas Marshall, Jr., District Public Defender; and Nancy Meyer, Assistant Public Defender, for the appellant, Ernest Hurd.

Robert E. Cooper, Attorney General and Reporter; John H. Bledsoe, Senior Counsel; David S. Clark, District Attorney General; and Sandra N.C. Donaghy, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

The record reflects that a petition issued on October 8, 1990, seeking that the Defendant be declared a MVHO. Following the Defendant's failure to appear at the May 24, 1991 show cause hearing concerning the petition, the trial court entered a default judgment declaring the Defendant to be a MVHO on May 30, 1991. The default judgment, signed by the trial judge but not by the parties, contains a hand-written notation by the court clerk that copies of the judgment were sent to the Assistant District Attorney General, the Tennessee Department of Safety, and the Defendant.

Although not included in the record on appeal, the transcript reflects that the Defendant was indicted on June 18, 2007 for driving while declared a MVHO. On October 5, 2007, the Defendant filed a motion to set aside the default judgment on the basis that the default judgment did not contain a proper Rule 58 certificate of service. As an additional basis, the Defendant argued that the judgment did not contain the signature of either the Defendant or his attorney. The State, at the trial court level, conceded that the default judgment did not comport with the certificate of service requirements of Rule 58 but asked that the motion be overruled due to the untimely filing of the challenge of the order. In the same pleading, the State requested that the trial court properly enter the default judgment declaring the Defendant to be a MVHO.

At a December 7, 2007 hearing, the State argued that the Defendant had amassed eleven driving convictions since being declared a MVHO, yet the Defendant had not previously challenged the declaration. Defense counsel acknowledged that the Defendant had notice of the MVHO judgment previously but argued that the Defendant had never had the opportunity to challenge the declaration because the Defendant "can't afford a private attorney. As Public Defenders, we haven't been able to do it, because every time he's been charged in sessions court when driving while MHVO, they agree [that the] Judgment is not valid [and say that they are] not going to prosecute [him]." Following the arguments of counsel, the trial court took the matter under advisement to allow the parties to brief their respective positions and set the case for further hearing on December 17, 2007. [1]

At a February 22, 2008 hearing, the trial court announced its findings. The trial court found that the default judgment was properly filed on May 30, 1991. The trial court also found that the Defendant had been previously charged with violations of the MVHO statute on "[a]t least three occasions" as early as 1993 but that he had failed to challenge the validity of the default judgment. The trial court discussed the Defendant's offer of proof regarding his inability to pay to have the default judgment set aside and stated that "I don't find [the

---

[1] The record before this court contains no transcript from the December 17, 2007 hearing.

Defendant's] testimony to be credible."[2]  Thus, the trial court concluded that the Defendant had sufficient notice of the default judgment.  The trial court found that the default judgment was properly certified, citing DeLong v. Vanderbilt University, 186 S.W.3d 506 (Tenn. Ct. App. 2005).  The trial court also found that the sixteen and a half year delay in challenging the judgment was unreasonable.  For these reasons, the trial court denied the motion to set aside the default judgment.

On appeal, the Defendant again argues that the default judgment is void because it does not comport with the requirements of Rule 58 regarding the certificate of service and that it therefore cannot be the basis for a conviction of driving while a MVHO.  The State now argues that the trial court correctly ruled that the default judgment met the requirements of Rule 58 and, furthermore, that the challenge pursuant to Rule 60.02 was unreasonably late. Following our review, we agree with the State.

*Analysis*

Although criminal sanctions flow from violations of the MVHO statute,  the initial "proceeding under the Motor Vehicle Habitual Offender Act is civil in nature and therefore is governed by the Tennessee Rules of Civil Procedure."  State v. Malady, 952 S.W.2d 440, 444 (Tenn. Crim. App.1996) (citing Everhart v. State, 563 S.W.2d 795 (Tenn. Crim. App.1978); Bankston v. State, 815 S.W.2d 213, 216 (Tenn. Crim. App.1991)).  Relative to the entry of judgments in civil proceedings, Rule 58 Tennessee Rules of Civil Procedure provides in pertinent part:

> Entry of the judgment or an order of final disposition is effective when a judgment containing one of the following is marked on the face by the clerk as filed for entry:
> (1) the signatures of the judge and all the parties or counsel; or
> (2) the signatures of the judge and one party or counsel with a certificate of counsel that a copy of the proposed order has been served on all other parties or counsel; or
> (3) the signature of the judge and a certificate of the clerk that a copy has been served on all other parties or counsel.

Furthermore, because MVHO declarations are civil in nature, the proper avenue to seek relief from a MVHO judgment is Rule 60.02 of the Tennessee Rules of Civil Procedure.  Bankston,

---

[2] Presumably, this offer of proof occurred at the December 17, 2007 hearing, the transcript of which is absent from the record on appeal.  It is the duty of the appellant to provide an accurate record of what transpired in the trial court.  Tenn. R. App. P. 24.

815 S.W.2d at 216.

The default judgment in this case was signed by the trial judge and contained a hand-written notation by the court clerk that copies of the judgment were provided to the parties. See Tenn. R. Civ. P. 58(3). The trial court correctly ruled that such a certification is sufficient to satisfy the requirements of Rule 58. DeLong, 186 S.W.3d at 510 (holding "cc:" notation that all parties had received a copy of the judgment was sufficient to satisfy Rule 58). Therefore, we conclude that the default judgment was properly entered on May 30, 1991 and may provide the basis for future violations of the MVHO statute.

Furthermore, even if the default judgment had not met the requirements of Rule 58, the Defendant would not be entitled to relief pursuant to Rule 60.02. This court has held that "Rule 60.02 motions cannot afford a basis for relief if filed unreasonably late." State v. Joseph Kevan Clark, No. W2006-00245-CCA-R3-CD, 2006 WL 3208570, at *3 (Tenn. Crim. App. Nov. 7, 2006). A delay of over sixteen years in filing a challenge to the default judgment is an unreasonable delay. Additionally, we also note that the record before this court reflects that the Defendant in this case had actual notice at least fourteen years prior to mounting his challenge to the MVHO declaration. Actual notice, coupled with the unreasonable delay, will not provide relief under Rule 60.02. See State v. Paul C. Michael, No. W2000-03015-CCA-R3-CD, 2002 WL 1558506, at *3 (Tenn. Crim. App. Jan. 8, 2002). We conclude that the trial court properly denied the motion to set aside the MVHO declaration.

CONCLUSION

In consideration of the foregoing and the record as a whole, the judgment of the trial court is affirmed.

_____
D. KELLY THOMAS, JR., JUDGE

-4-