IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
March 27, 2018 Session

# IN RE ESTATE OF JOHNNY MACK GALBREATH

**Appeal from the Chancery Court for Maury County
No. P-240-15 Stella L. Hargrove, Judge**

_____

### No. M2017-01409-COA-R3-CV

_____

This is a probate case. The chancery court entered an order purporting to close a probate estate. Several months later, the Appellant filed a Tennessee Rule of Civil Procedure 60.02(2) motion to set aside the order closing the estate on the basis of fraud and/or misconduct. The Appellant averred that her "verbal contract" claim which she had timely filed as a claim against the estate remained outstanding. After a hearing, the court denied the motion, having concluded that the Appellant failed to offer sufficient proof to substantiate her allegations and to justify re-opening the decedent's estate. Because the order closing the estate was not final, we dismiss the appeal for lack of subject matter jurisdiction, and remand to the trial court to enter a final judgment addressing Appellant's claim.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

ARNOLD B. GOLDIN, J., delivered the opinion of the Court, in which J. STEVEN STAFFORD, P.J., W.S., and KENNY ARMSTRONG, J., joined.

T. Jake Wolaver and Adrienne L. Dale, Columbia, Tennessee, for the appellant, Margaret Winebrenner.

Christopher J. Skinner and Robin J. Gordon, Nashville, Tennessee, for the appellee, Johnnie Mackalyn Godwin, Executrix of the Estate of Johnny Mack Galbreath.

### MEMORANDUM OPINION[1]

_____

[1] Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal

Johnny Mack Galbreath (the "Decedent") died unexpectedly in an ATV accident on June 11, 2015. He was survived by his two daughters, Johnnie Mackalyn Godwin and Jody Malinda Peppers. Before his death, he resided on his farm with his girlfriend, Margaret Winebrenner ("Appellant").

Prior to his death, the Decedent executed his "Last Will and Testament" (the "Will"), and he concurrently established the "Declaration of Trust of Johnny Mack Galbreath" (the "Trust").[2] The Decedent was the initial trustee of the Trust, and he was also the Trust's sole beneficiary until his death. The Trust was also named as the sole residuary beneficiary under the Will.[3] The Will named Ms. Godwin as the intended executor, and the Trust named Ms. Godwin as successor trustee of the Trust.

On September 30, 2015, Appellant filed a "Petition for Letters of Administration" in the Probate Division of the Maury County Chancery Court (the "Probate Division").[4] In the petition, Appellant alleged that the Decedent had died intestate, and she asked that she be appointed personal representative of the Decedent's estate. According to Appellant's brief, on September 30, 2015, she also initiated a declaratory judgment action in the Maury County Chancery Court (the "Chancery Court") against Ms. Godwin in her personal capacity and as successor trustee of the Trust seeking, *inter alia*, to have the court declare that "there was an agreement for future support" between the Decedent and Appellant.

On October 26, 2015, Ms. Peppers and Ms. Godwin filed a response in opposition to Appellant's petition, and a counter-petition to admit the Will to probate.[5] The same trial judge was assigned to preside over both the declaratory judgment proceeding and the probate proceeding, and the clerk of the Chancery Court (the "Clerk") served as the clerk

---

opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

[2] Most of Mr. Galbreath's assets were placed in the Trust during his lifetime.

[3] It is undisputed that Appellant and the Decedent resided together for several years before the Decedent's death. The Trust indicated that Appellant would have been entitled to $350,000.00 and a life estate in the Decedent's farm if Appellant and the Decedent *had been married* when the Decedent died. However, it is undisputed that Appellant and the Decedent never married.

[4] The Chancery Court has jurisdiction over probate matters in Maury County. *See* Tenn. Code Ann. § 16-16-201.

[5] Ms. Godwin brought the counter-petition in an individual capacity and in her capacity as trustee of the Trust.

of court in both proceedings. On November 10, 2015, the Will was admitted to probate, and Ms. Godwin was appointed to serve as executor of the estate. The order admitting the Will to probate indicated that the only asset in the estate subject to court-supervised administration was a bank account worth approximately $87,000.00. Letters of Administration were issued to Ms. Godwin, and the Probate Division published notice to creditors as required by Tennessee Code Annotated section 30-2-306.

On November 20, 2015, Appellant filed a "claim" in the probate proceeding against the estate asserting that she was owed $350,000.00 based upon a "verbal contract between the parties for mutual support." The Clerk, however, mistakenly issued notice of Appellant's claim to Appellant and Appellant's attorney instead of to Ms. Godwin, as personal representative of the estate, and her attorney. The notice and certificate of service listed Appellant and Appellant's counsel as the "Administrator" and "Attorney." Neither Appellant nor Appellant's attorney took any action to correct the Clerk's mistake.

On September 20, 2016, Ms. Godwin, as executor, filed a petition to close the estate without a detailed accounting in the Probate Division. The petition averred that "no claims ha[d] been filed against [the] estate pursuant to § 30-2-307 of the Tennessee Code." In support of her petition, Ms. Godwin submitted an affidavit, which stated, in pertinent part, "[a]ll claims which were presented have been paid or settled." Appellant was not served with formal notice that Ms. Godwin had filed the petition to close the estate.

While Ms. Godwin's petition to close the estate was pending, the trial judge, sitting as Chancellor, presided over a hearing in Appellant's declaratory judgment case, and on November 7, 2016, she granted summary judgment to the Trust on all of Appellant's claims. Appellant timely appealed the dismissal of the declaratory judgment action, and her appeal remains pending in this Court.[6]

On December 28, 2016, the Probate Division granted Ms. Godwin's petition to close the estate, and entered a final order closing the estate without a detailed accounting and without specifically addressing Appellant's claim. The order stated, "[t]hat all claims have been paid, released[,] or adjudicated." Appellant was not served with notice that the court in the probate proceeding had entered an order closing the estate.

On April 27, 2017, Appellant filed a "Motion to Set Aside Order and Reopen Case" in the probate proceeding pursuant to Tennessee Rule of Civil Procedure 60.02(2) ("Rule 60.02(2)"). Appellant averred that her "verbal contract claim" remains outstanding, and "both the Petition and the Sworn Statement of the Personal Representative contain untrue statements of fact." Furthermore, Appellant averred that, "[t]he personal representative and her counsel knew that the claimant would object to

---

[6] Appellate Case Number M2017-00270-COA-R3-CV.

closure, and seemingly took steps to ensure that the objection [to closing the estate] would not be heard." In support of her motion, Appellant submitted an email from her own attorney to the Clerk dated September 22, 2016, in which her attorney stated, "as far as I am concerned, the claim remains outstanding and unpaid."

After a hearing on May 22, 2017, the Probate Division entered an order denying Appellant's Rule 60.02 motion on the merits. Appellant timely appealed.

## DISCUSSION

Although Appellant raises several substantive issues for our review, we must first consider whether we have subject matter jurisdiction to adjudicate this appeal. Appellant filed this appeal pursuant to Rule 3 of the Tennessee Rules of Appellate Procedure. Tenn. R. App. P. 3(a) ("In civil actions every final judgment entered by a trial court from which an appeal lies to the Supreme Court or Court of Appeals is appealable as of right."). Except where provided by the rules, this Court generally has subject matter jurisdiction over appeals from final judgments only. *See In re Estate of James Donald Meadows*, No. M2017-01062-COA-R3-CV, 2018 WL 1920378, at *2 (Tenn. Ct. App. Apr. 24, 2018) (citing *Bayberry Assoc. v. Jones*, 783 S.W.2d 553, 559 (Tenn. 1990)). "[A]ny trial court order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not final or appealable as of right." *State ex rel. Garrison v. Scobey*, No. W2007-02367-COA-R3-JV, 2008 WL 4648359, at *5 (Tenn. Ct. App. Oct. 22, 2008). An order that fails to adjudicate all pending claims "is not enforceable or appealable and is subject to revision at any time before entry of a final judgment adjudicating all the claims, rights, and liabilities of all parties." *Id.*

It is undisputed that on November 20, 2015, Appellant timely filed a claim for $350,000 based on a "verbal contract between the parties for mutual support." It is also undisputed that the Clerk mistakenly issued notice of the claim to Appellant and her attorney rather than to Ms. Godwin, as executor of her father's estate, and her attorney. Although it does not appear that Ms. Godwin or her attorney intentionally misled the court,[7] our review of the record indicates that Appellant's pending claim was never addressed by the trial court. An order that addresses fewer than all the claims is not final. *Id*.

---

[7] Appellant sought relief through Tennessee Rule of Civil Procedure 60.02 alleging fraud and/or misconduct on the part of Ms. Godwin and her attorney. Tennessee Rule of Civil Procedure 60.02 generally only provides relief from final judgments. *See* Tenn. R. Civ. P. 60.02. Because the order purporting to close the estate, is ineffective as the basis for any action for which a final judgment is a condition precedent, we point out that the Appellant's request for Rule 60.02(2) relief is clearly premature. *See* Tenn. R. Civ. P. 60.02 (providing that a court may relieve a party or the party's legal representative from a "final" judgment).

- 4 -

Moreover, Rule 58 of the Tennessee Rules of Civil Procedure provides that a judgment, marked on the face by the clerk as filed for entry, must contain one of the following:

(1) the signatures of the judge and all parties or counsel, or

(2) the signatures of the judge and one party or counsel with a certificate of counsel that a copy of the proposed order has been served on all other parties or counsel, or

(3) the signature of the judge and a certificate of the clerk that a copy has been served on all other parties or counsel.

Tenn. R. Civ. P. 58. If an order does not comply with Tennessee Rule of Civil Procedure 58, it is not a final judgment and is "ineffective as the basis for any action for which a final judgment is a condition precedent." *Steppach v. Thomas*, No. W2008-02549-COA-R3-CV, 2009 WL 3832724, at *4 (Tenn. Ct. App. Nov. 17, 2009) (quoting *Citizens Bank of Blount Cty. v. Myers*, No. 03A01-9111-CH-422, 1992 WL 60883, at *3 (Tenn. Ct. App. Mar. 30, 1992)). "The purpose of Rule 58 'is to insure that a party is aware of the existence of a final, appealable judgment in a lawsuit in which he is involved.'" *Blackburn v. Blackburn*, 270 S.W.3d 42, 49 (Tenn. 2008) (quoting *Delong v. Vanderbilt Univ.*, 186 S.W.3d 506, 510 (Tenn. Ct. App. 2005)).

In this case, Appellant avers that she never received a copy of the order closing the estate and did not become aware of it for months after it had been entered by the trial court. Our review of the record confirms that there is clearly no certificate of service from either counsel for the personal representative or from the Clerk reflected on the order closing the estate. Thus, the order is not in compliance with Rule 58, and consequentially, it is not a final judgment. Because Appellant's claim remains outstanding and the trial court's order purporting to close the estate fails to comply with Rule 58, the order is not final. Absent a final judgment, we lack subject matter jurisdiction. *See* Tenn. R. Civ. P. 3.

## CONCLUSION

For the foregoing reasons, we dismiss the appeal. The case is remanded to the trial court for further proceedings not inconsistent with this opinion.

_____
ARNOLD B. GOLDIN, JUDGE