FILED
05/30/2024
Clerk of the
Appellate Courts

IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
May 29, 2024



IN RE ISAIAH M.

Appeal from the Chancery Court for Washington County
No. 24-AD-0225    Suzanne Cook, Judge

_____

No. E2024-00616-COA-R3-PT

_____

Because no final order has been entered in the underlying trial court proceedings, this Court lacks jurisdiction to consider this appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

D. MICHAEL SWINEY, C.J.; THOMAS R. FRIERSON, II, J.; AND KRISTI M. DAVIS, J.

Agness McCurry, Johnson City, Tennessee, Pro Se Appellant.

Sandy Phillips, Johnson City, Tennessee, for the appellees, Benjamin M. and Kelly M.

**MEMORANDUM OPINION[1]**

The *pro se* appellant, Agness M. ("Appellant"), filed a notice of appeal with this Court on April 25, 2024, which states that Appellant is appealing the April 24, 2024 order or orders filed in the Washington County Chancery Court ("Trial Court"). The underlying case is a termination of parental rights proceedings. Appellant attached to the notice of appeal copies of two orders dated April 24, 2024. The first order is an order denying the

---

[1] Rule 10 of the Rules of the Court of Appeals provides:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

appellant's recusal motion of Judge Suzanne S. Cook.[2]  The second order denies the appellant's motion requesting a zoom link for an upcoming hearing.

Appellant subsequently filed a second notice of appeal stating that she seeks to appeal the order or orders entered on April 9, 2024.  Several orders were entered on April 9, 2024, including an order reflecting the appellant's *pro se* status in the trial court, an order appointing a guardian ad litem, and an order requiring the parties to appear in person for an upcoming scheduling conference.  Additionally, Appellant filed a third notice of appeal stating that she intends to appeal the May 3, 2024 order, and attached a May 3, 2024 scheduling order for the termination of parental rights proceeding in the trial court.  The scheduling order reflects that the trial in the underlying trial court proceedings will occur on July 22-23, 2024 and requires the parties to appear in person for the trial.  The appellant also attached an order to her second notice of appeal that was entered on May 3, 2024, which is an order denying her motion to dismiss the petition to terminate her parental rights and other various pending motions.

None of the orders Appellant seeks to appeal resolve the petition seeking to terminate the parental rights of Appellant.  In fact, the scheduling order reflects that a trial is not scheduled on the petition until July 2024.  Because it appeared that there was no final judgment in the underlying trial court proceedings, this Court entered a show cause order on May 16, 2024, directing Appellant to show cause why this appeal should not be dismissed for lack of subject matter jurisdiction due to lack of a final judgment in the underlying trial court proceedings.  Appellant filed a response to this Court's show cause order, in which she states that the multiple orders she has sought to appeal are final orders that may be appealed because they were entered pursuant to Tenn. R. Civ. P. 58.  In her response, the appellant further specifies the court order denying her motion to dismiss the petition to terminate her parental rights "is appealable because it was entered pursuant to TRCP 58."  However, she then cites to *Richardson v. Tennessee Bd. of Dentistry*, 913 S.W.2d 446, 460 (Tenn. 1995), reflecting that the "denial of a motion to dismiss does not end a lawsuit or constitute a final judgment."

Tenn. R. Civ. P. 58 requires that for a court order to be effective, the order must be signed by the judge or chancellor, marked by the clerk on the face of the document as filed for entry, and include either: (1) the signatures of all parties or counsel, (2) the signature of at least one party or counsel with a certificate showing it had been served upon all other

---

[2] Appellant also filed a petition pursuant to Tenn. Sup. Ct. R. 10B seeking an immediate interlocutory appeal of the order denying recusal entered on April 24, 2024.  That appeal was considered, and an opinion issued on May 23, 2024 affirming Judge Cook's denial of recusal.  *See Kelly M. et al. v. Agness M.*, No. E2024-00629-COA-T10B-CV, 2024 WL 2564454 (Tenn. Ct. App. May 23, 2024).  As such, Appellant's motion to stay this appeal pending the resolution of the Rule 10B appeal is DENIED as moot.

parties, or (3) a certificate of service by the court clerk showing that the order was served upon all parties or counsel. The purpose of Tenn. R. Civ. P. 58 is to provide litigants with timely notice of the entry of court orders that are entered in their cases. *See* Tenn. R. Civ. P. 58; *DeLong v. Vanderbilt Univ.*, 186 S.W.3d 506, 510 (Tenn. Ct. App. 2005). The advisory commission comment for Rule 58 further provides that the rule "is designed to make uniform across the State the procedure for the entry of judgment and to make certain the effective date of a judgment. Rule 58 does not make an otherwise non-final judgment final simply by its compliance with the requirements of the rule. In fact, Rule 58 states that its requirements to become effective may apply to the entry of "a judgment or an order of final disposition or ***any other order of the court***" (emphasis added). By its plain language, Rule 58 applies to other court orders entered in a case other than a final, appealable judgment. *See* Tenn. R. Civ. P. 58. Appellant's argument that the orders appealed are final, appealable orders merely because they were entered in compliance with Rule 58 is not persuasive.

A party is entitled to an appeal as of right only after the trial court has entered a final judgment that resolves all the claims between all the parties, leaving nothing else for the trial court to do. Tenn. R. App. P. 3(a); *In re Estate of Henderson*, 121 S.W.3d 643, 645 (Tenn. 2003); *State ex rel. McAllister v. Goode*, 968 S.W.2d 834, 840 (Tenn. Ct. App. 1997). Without a final judgment, this Court does not have subject matter jurisdiction to adjudicate an appeal as of right. *See Bayberry Assocs. v. Jones*, 783 S.W.2d 553, 559 (Tenn. 1990) ("Unless an appeal from an interlocutory order is provided by the rules or by statute, appellate courts have jurisdiction over final judgments only."). A trial court also may direct the entry of a final judgment as to one or more but fewer than all the claims only upon an express determination that there is no just reason for delay and an express direction for the entry of judgment. Tenn. R. Civ. P. 54.02. The court orders that Appellant seeks to appeal do not resolve all issues before the Court and also were not certified by the Juvenile Court as a final judgment pursuant to Rule 54.02.

None of the court orders from which Appellant seeks to appeal constitute a final appealable judgment. Therefore, this Court lacks jurisdiction to consider this appeal. The appeal is hereby dismissed. Costs on appeal are taxed to the appellant, Agness M., for which execution may issue.

**PER CURIAM**