IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs July 1, 2025

## TYLER KING ET AL. v. MOBASHER REVOCABLE TRUST ET AL.

**Appeal from the Chancery Court for Rutherford County**
No. 23CV2200      Terry A. Fann, Judge
_____

### No. M2024-01300-COA-R3-CV
_____

Because the order appealed lacks finality based on the failure to comply with Tennessee Rule of Civil Procedure 58 and no good cause exists to waive the procedural deficiency, this Court lacks subject matter jurisdiction to consider this appeal.

### Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed

J. STEVEN STAFFORD, P. J., W.S., delivered the opinion of the court, in which FRANK G. CLEMENT, JR., P.J., M.S., and John W. McClarty, J., joined.

Daniel O. Barham, Arrington, Tennessee, for the appellant, Kimberly King, and Tyler King.

Joshua R. Denton, and Tonya J. Austin, Brentwood, Tennessee, for the appellees, Mobasher Revocable Trust, Mobasher Mehrnoosh, D. Paul Wilson, Rebecca B. Wilson, and Wilson Family Trust U/A.

### MEMORANDUM OPINION[1]

### I. PROCEDURAL BACKGROUND

Petitioners/Appellants Tyler King and Kimberly King (together, "Appellants") filed a complaint and petition for declaratory judgment and to quiet title to real property in the

---

[1] Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

Rutherford County Chancery Court ("the trial court") on November 7, 2023. The complaint named Respondent/Appellee Mobasher Mehrnoosh, as Trustee for the Mobasher Revocable Trust ("the Trust"); Respondent Wilson Family Trust U/A D. Paul Wilson and Rebecca B. Wilson; Respondents Chad Greene and Lauren Greene; and Respondent the Magnolia Valley Subdivision Homeowners' Association ("the HOA"). Appellants' complaint included five counts.

On March 22, 2024, the Trust filed a motion to dismiss Counts 3, 4, and 5 of Appellants' complaint against it for failure to state a claim upon which relief could be granted. The Trust argued, inter alia, that it was not a proper party to Counts 3 and 4.

Appellants filed a response in opposition to the Trust's motion on June 11, 2024. The certificate of service included with the response inexplicably did not name the Trust.

On June 14, 2024, the trial court ostensibly entered a stipulation and agreed order (the "agreed order") between Appellants and the HOA, purportedly resolving Counts 3 and 4 of the complaint in full. The agreed order indicated that it was approved for entry by Appellants and the HOA on June 11, 2024, electronically signed by the trial court judge on June 14, 2024, and electronically filed by the trial court clerk on June 14, 2024. The agreed order did not include a certificate of service indicating that the order was served on any other parties.

On June 19, 2024, the Trust filed an objection to Appellants' response to its motion to dismiss. It argued that Appellants' response was neither served on the Trust nor timely filed. The Trust also argued that the agreed order was not agreed to by all parties, served on all parties, or lodged with the trial court clerk prior to entry to allow for the opportunity to object. Moreover, the Trust argued that the purported wholesale resolution of Counts 3 and 4 without need of its involvement directly conflicted with Appellants' position that the Trust's motion to dismiss should not be granted.

The trial court entered an order granting in part and denying in part the Trust's motion to dismiss on July 2, 2024 (the "dismissal order"). The trial court granted the motion as to Counts 3 and 4 and denied the motion as to Count 5. The trial court also granted the Trust its attorney's fees associated with its successful motion to dismiss pursuant to Tennessee Code Annotated section 20-12-119(c).[2] The dismissal order included a proper certificate of service.

---

[2] Section 20-12-119 provides for the award of reasonable attorney's fees and other litigation costs incurred in relation to claims successfully dismissed for a failure to state a claim. Tenn. Code Ann. § 20-12-119(c)(1). The trial court stayed the award until "all appeals of the issue of the granting of the Motion to Dismiss have been exhausted and if the final outcome is the granting of the Motion to Dismiss[,]" in accordance with section 20-12-119(c)(3).

On July 19, 2024, Appellants filed notice pursuant to Tennessee Rule of Civil Procedure 41.01 of the voluntarily dismissal of "all of their remaining claims against all remaining defendants without disturbing the [agreed order], or the [dismissal order]."[3] The trial court entered an order confirming the voluntary dismissal on July 26, 2024 (the "Rule 41 order"). The Rule 41 order indicated that it was submitted for entry by Appellants on July 19, 2024, electronically signed by the trial court judge on July 26, 2024, and electronically filed by the trial court clerk on July 26, 2024. The Rule 41 order did not include a certificate of service.

Appellants then filed a notice of appeal with this Court on August 26, 2024. The notice stated that Appellants are appealing the July 2, 2024 dismissal order. Appellants asserted that the appeal is timely filed based on the July 26, 2024 Rule 41 order. *See* Tenn. R. Civ. P. 41.01(3) (providing that the date of entry of the order of voluntary dismissal "will govern the running of pertinent time periods"). Appellants further stated that they are not appealing the Rule 41 order, "except for and to the extent that the [Rule 41 order] confirms and implements the [dismissal order]."

## II. ANALYSIS

Before this Court can reach the merits of Appellants' substantive arguments, we must consider whether we have subject matter jurisdiction to hear this appeal. *See* Tenn. R. App. P. 13(b) (providing that this Court "shall . . . consider whether the trial and appellate court have jurisdiction over the subject matter, whether or not presented for review"). "Subject matter jurisdiction involves a court's lawful authority to adjudicate a controversy brought before it." *Chapman v. DaVita, Inc.*, 380 S.W.3d 710, 713 (Tenn. 2012) (citing *Meighan v. U.S. Sprint Commc'ns Co.*, 924 S.W.2d 632, 639 (Tenn. 1996); *Standard Sur. & Cas. Co. v. Sloan*, 180 Tenn. 220, 173 S.W.2d 436, 440 (1943)). The lack of subject matter jurisdiction cannot be waived. *Meighan*, 924 S.W.2d at 639. "Without subject matter jurisdiction, a court cannot enter a valid, enforceable order." *In re S.L.M.*, 207 S.W.3d 288, 295 (Tenn. Ct. App. 2006) (citations omitted).

Under Rule 3 of the Tennessee Rules of Appellate Procedure, an appeal as of right may be taken only after the entry of a final judgment. *See* Tenn. R. App. P. 3(a) ("In civil actions every final judgment entered by a trial court from which an appeal lies to the Supreme Court or Court of Appeals is appealable as of right."); *Bayberry Assocs. v. Jones*, 783 S.W.2d 553, 559 (Tenn. 1990) ("Unless an appeal from an interlocutory order is provided by the rules or by statute, appellate courts have jurisdiction over final judgments only."). The first question before us, then, is whether the order appealed from is final.

---

[3] As relevant, Rule 41 provides that plaintiffs "have the right to take a voluntary nonsuit to dismiss an action without prejudice by filing a written notice of dismissal at any time before the trial of a cause and serving a copy of the notice upon all parties[.]" Tenn. R. Civ. P. 41.01(1).

Tennessee Rule of Civil Procedure 58 "is designed to make uniform across the State the procedure for the entry of judgment and to make certain the effective date of a judgment." Tenn. R. Civ. P. 58, Advisory Comm'n Comment. Under that Rule, "entry of a judgment or an order of final disposition or any other order of the court is effective" when an order containing either

> (1) the signatures of the judge and all parties or counsel, or
> (2) the signatures of the judge and one party or counsel with a certificate of counsel that a copy of the proposed order has been served on all other parties or counsel, or
> (3) the signature of the judge and a certificate of the clerk that a copy has been served on all other parties or counsel

is marked by the court clerk as filed for entry. Tenn. R. Civ. P. 58. By its plain terms, Rule 58 applies to both orders of final disposition and "any other order of the court[.]" *Id.* Compliance with Rule 58 is mandatory, ***State ex rel. Taylor v. Taylor***, No. W2004-02589-COA-R3-JV, 2006 WL 618291, at *2 (Tenn. Ct. App. Mar. 13, 2006) (quoting ***Gordon v. Gordon***, No. 03A01-9702-CV-00054, 1997 WL 304114, at *1 (Tenn. Ct. App. June 5, 1997)), and "[t]he failure to adhere to the requirements set forth in Rule 58 prevents a court's order or judgment from becoming effective." ***Blackburn v. Blackburn***, 270 S.W.3d 42, 49 (Tenn. 2008) (citing ***DeLong v. Vanderbilt Univ.***, 186 S.W.3d 506, 509 (Tenn. Ct. App. 2005)). This means that an order that does not comply with Rule 58 "is not a final judgment and is ineffective as the basis for any action for which a final judgment is a condition precedent." ***Citizens Bank of Blount Cnty. v. Myers***, No. 03A01-9111-CH-422, 1992 WL 60883, at *3 (Tenn. Ct. App. Mar. 30, 1992) (holding that an execution and garnishment was improper when based on a judgment that did not comply with Rule 58). Accordingly, if the order appealed does not comply with Rule 58, it is not an effective final judgment, and this Court does not have subject matter jurisdiction to adjudicate the appeal. ***Bayberry Assocs.***, 783 S.W.2d at 559; *see also* ***Taylor***, 2006 WL 618291, at *3 (dismissing the appeal for lack of a final order when the order appealed from did not comply with Rule 58).

Here, the ostensible final judgment that Appellants appeal is the Rule 41 order, electronically filed by the trial court clerk on July 26, 2024. Although the Rule 41 order contains the signature of Appellants' counsel and the signature of the trial court judge, it contains neither the signatures of nor a certification of service on the other parties or their counsel. The Rule 41 order is therefore not in compliance with Rule 58 and does not constitute an effective final judgment capable of giving rise to an appeal as of right. *See* ***Steppach v. Thomas***, No. W2008-02549-COA-R3-CV, 2009 WL 3832724, at *5 (Tenn. Ct. App. Nov. 17, 2009) ("Specifically, in the absence of Mr. Thomas' signature (Tenn. R. Civ. P. 58(1)) or a certificate of service indicating that a copy of the order was sent to Mr. Thomas (Tenn. R. Civ. P. 58(2)), or a certification from the clerk that a copy was sent to Mr. Thomas (Tenn. R. Civ. P. 58(3)), we conclude that the October 9, 2008 Order fails to

- 4 -

comply with the mandatory requirements of Tenn. R. Civ. P. 58. Therefore, the October 9, 2008 Order is not effective to confer subject-matter jurisdiction on this Court and we must dismiss the appeal.").

It is true that the specific order that Appellants argue is the subject of this appeal—the dismissal order entered on July 2, 2024—does comply with Rule 58.[4] Specifically, it contains the signature of the trial court judge and a certificate of the clerk that a copy was served on all parties or counsel. But beyond being effective, a final judgment must also "resolve[] all the issues in the case, 'leaving nothing else for the trial court to do.'" *In re Est. of Henderson*, 121 S.W.3d 643, 645 (Tenn. 2003) (quoting *State ex rel. McAllister v. Goode*, 968 S.W.2d 834, 840 (Tenn. Ct. App. 1997)); *see also* Tenn. R. App. P. 3(a) ("[A]ny order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not enforceable or appealable and is subject to revision at any time before entry of a final judgment adjudicating all the claims, rights, and liabilities of all parties."). In only dismissing Counts 3 and 4 as to the Trust, the dismissal order clearly does not resolve all claims against all parties, as made evident by Appellants' voluntary dismissal of "all of their remaining claims against all remaining defendants[.]" The Rule 41 order was therefore necessary to confer subject matter jurisdiction on this Court, despite Appellants only attacking the propriety of the earlier dismissal order.

As such, we conclude that no final appealable order has been entered in this case. This does not end our inquiry, however. This Court may utilize our discretion to suspend the application of the Tennessee Rules of Appellate Procedure based on a finding of "good cause." Tenn. R. App. P. 2 (containing exceptions not applicable here); *see also* ***Bayberry Assocs.***, 783 S.W.2d at 559 (finding nothing in Rule 2 to bar the suspension of the finality requirement). So the second question we must answer is whether good cause exists to waive the need for a final judgment.

This Court has often relied on the concept of judicial economy to find good cause for the suspension of the final judgment requirement. *See* ***Levitt, Hamilton, & Rothstein, LLC v. Asfour***, 587 S.W.3d 1, 10 (Tenn. Ct. App. 2019) (collecting cases). Still, we have also held that, in light of our disfavor of deciding piecemeal appeals, "judicial economy alone does not justify abandoning the requirement of finality." ***Williams v. Tenn. Farmers Life Reassurance Co.***, No. M2010-01689-COA-R3-CV, 2011 WL 1842893, at *6 (Tenn. Ct. App. May 12, 2011) (citing ***Brown v. John Roebuck & Assocs., Inc.***, No. M2008-02619-COA-R3-CV, 2009 WL 4878621, at *5 (Tenn. Ct. App. Dec. 16, 2009)); *see also* ***Mann v. Alpha Tau Omega Fraternity***, 380 S.W.3d 42, 48 (Tenn. 2012) (noting

---

[4] Of course, as Appellants note, their August 26, 2024 notice of appeal would not have been timely in relation to the dismissal order, also depriving this Court of subject matter jurisdiction. *See* Tenn. R. App. P. 4(a) (requiring a notice of appeal be filed "within 30 days after the date of entry of the judgment appealed from"); ***Am. Steinwinter Inv'r Grp. ex rel. Am. Steinwinter v. Am. Steinwinter***, 964 S.W.2d 569, 571 (Tenn. Ct. App. 1997) ("The 30-day rule for notices of appeal is mandatory and jurisdictional and may not be waived[.]").

Tennessee's "policy against piecemeal appeals"). As such, "we will not suspend Rule 3 as a mere convenience[.]" *Williams*, 2011 WL 1842893, at *6. And this Court has previously held that our discretion under Rule 2 should be utilized "very sparingly, only in extraordinary circumstances." *Harbin v. Jones*, No. W2012-01474-COA-R3-CV, 2013 WL 1249050, at *5 (Tenn. Ct. App. Mar. 28, 2013) (quoting *Morgan Keegan & Co. v. Smythe*, No. W2010-01339-COA-R3-CV, 2011 WL 5517036, at *18 (Tenn. Ct. App. Nov. 14, 2011), *rev'd on other grounds*, 401 S.W.3d 595 (Tenn. 2013)).

Respectfully, this is not a case in which we find good cause for suspending Rule 3's finality requirement. Particularly relevant to our conclusion is the fact that the Rule 41 order is not the first example of deficient service of documents prepared by Appellants found in the record. Indeed, while Appellants' response in opposition to the Trust's motion to dismiss contained a certificate of service listing the majority of the other parties, the Trust—the author of the very motion the filing was responsive to—was not named. And the agreed order, submitted jointly for entry by Appellants and the HOA, was devoid of any certificate of service at all. That this improper service occurred more than once with documents responsive to the Trust's motion to dismiss raises some question as to whether the error qualifies as a simple mistake.

It is evident that Appellants are aware of and capable of complying with the requirement that filings be served on all parties. *See* Tenn. R. Civ. P. 5.01 (requiring that court papers "shall be served upon each of the parties"), 5.03 (providing that proof of service of a document "shall be filed before action is taken thereon by the court or the parties"). Indeed, their motion for voluntary dismissal and notice of appeal both contained proper certificates of service. Appellants were also made aware of the need to pay closer attention to the certificates of service included with their filings during the course of this case. The Trust objected to Appellants' response to its motion to dismiss in part based on insufficient service. So too was the issue addressed by both counsel for the Trust and the trial court at the hearing on the Trust's motion to dismiss.[5] Yet despite this reminder of the rules, it seems that no additional precautions were taken to avoid future clerical errors and Appellants' proposed order granting their motion for dismissal was submitted without the inclusion of a certificate of service less than one month later. *See* Tenn. R. App. P. 36(a) ("Nothing in this rule shall be construed as requiring relief be granted to a party responsible for an error or who failed to take whatever action was reasonably available to prevent or nullify the harmful effect of an error.").

From our review of the record, we conclude that this appeal was taken from a non-final order and no good cause exists for exercising our discretion to waive the finality requirement. Accordingly, we lack subject matter jurisdiction to consider this appeal.

---

[5] At that time, counsel for Appellants explained away the deficient service as the result of a clerical mistake during "a comedy of errors."

### III. CONCLUSION

For the foregoing reasons, we dismiss this appeal. Costs of the appeal are assessed to Appellants Tyler King and Kimberly King, for which execution may issue if necessary.


s/ J. Steven Stafford
J. STEVEN STAFFORD, JUDGE